Kathy STUART, By and Through her mother and next friend, Joan STUART, et al., Plaintiffs,

v.

Pasquale NAPPI, et al., Defendants.

Civ. No. B–77–381(TFGD).

United States District Court, D. Connecticut.

May 13, 1985.

Richard McCarthy, Connecticut Legal Services, Inc., Bridgeport, Conn., for plaintiffs.

William Narwold, Cummings & Lockwood, Hartford, Conn., for Local defendants.

Marcia Speziale, Asst. Atty. Gen., Hartford, Conn., for State defendant.

## RULING ON PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES

DALY, Chief Judge.

In January of 1978, the named plaintiff, Kathy Stuart, obtained from this Court a preliminary injunction which prevented the Danbury Board of Education from expelling her from high school and which ordered the Board to conduct an immediate review of her special education program under the Education for the Handicapped Act, 20 U.S.C. § 1401 *et seq.* (the "EHA"). For a discussion of the facts leading to the injunction, see *Stuart v. Nappi,* 443 F.Supp. 1235 (1978). Shortly after the issuance of the preliminary injunction, the Court granted a motion for class certification filed by the named plaintiff. Over the course of the next five years, the plaintiff class sought a permanent injunction and a declaratory judgment that the Danbury Board of Education was bound by the procedural requirements of the EHA if it desired to exclude a handicapped student from class attendance for longer than a ten day period. The class action was dismissed as moot, however, in early 1984 since Stuart had graduated from high school (and was, therefore, no longer a member of the class she purported to represent) and since there appeared to be no other members of the certified class. *See* Order of Dismissal dated February 1, 1984.

Plaintiffs now seek, pursuant to 42 U.S.C. § 1988, an award of attorneys' fees totalling $57,631.80. Defendants argue that an award of fees is precluded by *Smith v. Robinson,* — U.S. —, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). The Supreme Court in *Smith* held that an award of attorney's fees under § 1988 was not available where a plaintiff made substantive equal

protection claims under both 42 U.S.C. § 1983 and the EHA. *Id.,* —— U.S. at ——, 104 S.Ct. at 3469. The court held that in such instances the EHA, which does not contain a fee-shifting provision, is the exclusive remedy available to the plaintiff. *Id.*

The court in *Smith,* however, was careful to distinguish claims which allege a violation of procedural due process:

> ... unlike an independent equal protection claim, maintenance of an independent due process challenge to state procedures would not be inconsistent with the EHA's comprehensive scheme. Under either the EHA or § 1983, a plaintiff would be entitled to bypass the administrative process by obtaining injunctive relief only on a showing that irreparable harm otherwise would result. And, while Congress has apparently determined that local and state agencies should not be burdened with attorney's fees to litigants who succeed, through resort to the procedures outlined in the EHA, in requiring those agencies to provide free schooling, *there is no indication that the agencies should be exempt from a fee award where plaintiffs have had to resort to judicial relief to force the agencies to provide them the process they were constitutionally due.*

*Id.,* —— U.S. at —— n. 17, 104 S.Ct. at 3470 n. 17 (citation omitted) (emphasis supplied).

Lower courts since *Smith* have recognized this distinction. Of particular guidance to this Court is *Rose v. Nebraska,* 748 F.2d 1258 (8th Cir.1984). In *Rose,* the Eighth Circuit Court of Appeals relied on the above language in *Smith* and concluded that an award of attorney's fees is not foreclosed by the EHA where a procedural due process challenge is made. *Id.* at 1263–1264. Similarly, in another case where violations of procedural due process were asserted, a district court rejected a state defendant's argument that the EHA

was the exclusive remedy and allowed the plaintiff to maintain a cause of action under § 1983. *Stark v. Walter,* No. C–2–83–1331, slip op. (S.D. Ohio September 11, 1984).

In the instant case, the plaintiffs' claims were procedural in nature. "Although Miss Stuart's educational placement in November, 1977, was inappropriate, the immediate purpose of this suit was to obtain procedural rather than substantive relief. Miss Stuart did not ask the court to order the defendants to provide her with any particular program of special education; rather, she asked the court to prevent local defendants from changing her placement by improper means and to require local defendants to use the proper procedure ... to improve her placement." Plaintiffs' Reply Memorandum at 5.[1] Furthermore, the Court is satisfied that the plaintiffs' original pleadings raised these procedural claims not only under the EHA but also § 1983 and the due process clause of the Fourteenth Amendment. *See* Complaint at ¶ 3 & Prayer for Relief; Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction at 7–10. Thus, based on the distinction articulated in *Smith* and *Rose,* it is the opinion of the Court that plaintiffs' request for an award of attorneys' fees is not preempted by the EHA and is allowable under § 1988.[2]

■ Defendants argue that even if *Smith* does not preclude an award of fees in this case, plaintiffs cannot be deemed a prevailing party on their class action claims since those claims were ultimately dismissed as moot. However, in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court held that where a plaintiff does not pursue unrelated claims, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the liti-

---

**1.** The later class action claims were also procedural in nature. *See infra* at 93.

**2.** The fact that the Court awarded injunctive relief on the basis of the EHA alone, and not

any constitutional notions of due process, does not preclude an award of fees. *Maher v. Gagne,* 448 U.S. 122, 132–133, 100 S.Ct. 2570, 2576–2577, 65 L.Ed.2d 653 (1980).

gation." *Id.* at 435, 103 S.Ct. at 1940. Here, the class action claims were based on a "common core of facts" and involved "related legal theories." *Id.* Plaintiffs were attempting to compel the Danbury School Board to abide by the procedural requirements of the EHA, both in the motion for a preliminary injunction and in the later class action proceedings seeking declaratory relief; the later class action claims were essentially a macrocosm of the individual claims of Miss Stuart aired at the preliminary injunction stage.[3] Since the claims were related, the fact that the later class action claims were dismissed as moot does not bar an award of fees for the entire case—as long as success was achieved on the basis of the litigation as a whole. *See* Garrison, *Attorney's Fees Under Fee-Shifting Statutes,* 58 Conn.B.J. 69, 70–71 (1984), and cases cited therein.

In looking to the litigation as a whole, it is evident that the plaintiffs have achieved success. The issuance of a preliminary injunction against the school board clearly benefited the named plaintiff Stuart in her individual capacity. Moreover, the deterrent and "catalytic" effect of the preliminary injunction benefited the class of those who might be subject to similar treatment by the defendants in the future—perhaps as much as any declaratory judgment or permanent injunction would have. Indeed, in light of this Court's ruling, the Connecticut Department of Education has advised local school officials against expelling students who are in circumstances similar to those of Kathy Stuart. Appendix A to Plaintiff's Memorandum in Support of their Application for Attorney's Fees. Furthermore, the Court's opinion on the preliminary injunction motion has had clear precedential value in this district, as well as others.[4] In sum, since excellent results were achieved for the named plaintiff and indirectly for the class, plaintiffs may be deemed the "prevailing party" within the meaning of § 1988 with respect to the litigation as a whole. Plaintiffs are entitled, therefore, to a reasonable fee for hours reasonably expended by their attorneys.

For a total of 199.58 hours expended by their attorneys' prior to 1981, plaintiffs' request compensation at a rate of $90 per hour. Defendants maintain that this rate is unreasonable. However, in *Johnson v. University of Bridgeport,* No. B–75–66, slip op. at 2 (D.Conn. April 16, 1981), this Court found $90 to be a reasonable hourly rate for legal services rendered in 1978, 1979 and 1980. Furthermore, this case presented difficult issues of first impression and the plaintiffs' claims were prosecuted on the highest professional level, particularly during the hard-fought preliminary injunction hearing. Plaintiffs' request for compensation at the rate of $90 per hour for time expended prior to 1981 will therefore be allowed.

Both the local defendants and the state defendant argue that the plaintiffs' request for a total of $57,631.80 in fees is excessive and unreasonable. The Court has carefully reviewed all of their arguments in this regard and does not find any of them compelling. Therefore, based on the representations in the plaintiffs' affidavits, the Court determines the amount of the fee award as follows:

Prior to 1981:

199.58 hours at $90/hr. ...................$17,962.20

1/1/81 through 7/22/84:

281.33 hours at $120/hr. ..................$33,759.60

7/22/84 through 10/11/84:

49.25 hours at $120/hr. ...................$  5,910.00

TOTAL:          $57,631.80

Finally, local defendants argue that responsibility for payment of the fee award

---

**3.** *See, e.g.,* Plaintiffs' Memorandum in Support of their Second Motion for Summary Judgment at 17–18 ("plaintiffs are seeking relief which is procedural (the prevention of changes of placement by improper procedures) rather than substantive (the provision of appropriate special education).").

**4.** *See, e.g., Blue v. New Haven Board of Education,* No. N–81–41, slip op. (D.Conn. March 23, 1981); *Kaelin v. Grubbs,* 682 F.2d 595 (6th Cir.1982).

should be allocated equally between local defendants and the state defendant. However, the record developed in this case indicates that the state defendant was guilty of no more than passive acquiescence in his statutory role of "supervising" local defendants' compliance *vel non* with the EHA. *Cf. Jose P. v. Ambach,* 669 F.2d 865, 871 (2d Cir.1982). Accordingly, as in *Jose P. v. Ambach,* an allocation of 80%/20% between local and state defendants is appropriate.[5]

### Conclusion

Plaintiff's application for an award of attorney's fees in the amount of $57,631.80 is GRANTED.

---

**5.** State defendant Shedd contends that, since no court order was ever entered against him, the plaintiffs never prevailed against him and, therefore, he should not be responsible for any portion of the fee award. State Defendant's Memorandum in Opposition to Plaintiffs' Motion for an Award of Attorney's Fees at 6–11. This argument is unavailing. "[I]t is the responsibility of the state board of education to supervise local boards of education and to make sure that they are living up to their obligations to handicapped students, 20 U.S.C. § 1412(6). When the court entered an order against the local defendants commanding them to observe plaintiffs' rights under the Handicapped Act, the court was doing the state defendant's job." Plaintiffs' Memorandum in Reply at 2. *Cf. Jose P. v. Ambach,* 669 F.2d at 870–871.