*447 OPINION OF THE COURT
Harold J. Hughes, J.
Petitioners move for an order awarding counsel fees and costs pursuant to section 1415 (e) (4) (B) of title 20 of the United States Code.
In 1986, Congress amended the Education for the Handicapped Act (EHA) by adding the following provision: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys’ fees as part of the cost to the parents or guardian of a handicapped child or youth who is the prevailing party” (20 USC § 1415 [e] [4] [B]).
The legislation specifically states that it is applicable to actions or proceedings brought under the EHA after July 3, 1984 (Pub L 99-372, 100 Stat 796 [1986]). The petitioners are parents who brought a proceeding after July 3, 1984, successfully challenging Commissioner Ambach’s determination to terminate the educational placement of their children. They now seek attorneys’ fees and disbursements. The Attorney-General opposes the application contending that: (1) section 1415 (e) (4) (B) does not authorize any fees in this case since this was not an action under that statute; (2) Congress may not constitutionally mandate and retroactively impose on the States the obligation to pay attorneys’ fees in cases such as this where final judgment had been rendered prior to the enactment of the amendment; (3) the State respondents are not responsible for a significant amount of the fees and disbursements sought by the petitioners, and (4) the costs and fees sought by the petitioners are grossly excessive and have not been properly documented.
The first issue is whether this litigation qualifies as an action or a proceeding brought under subdivision (e) of section 1415 of title 20. In the Attorney-General’s view the label applied to the lawsuit is determinative of its contents, and, since it does not neatly fit within the proceedings described in the statute, petitioners cannot recover counsel fees. The respondents contend that subdivision (e) of section 1415 only "authorizes an action to challenge a final administrative determination of the Commissioner of Education following an appeal to him by a party aggrieved by a determination of a local educational agency in an administrative hearing”. The administrative action attacked in this litigation did not involve a determination made by the Commissioner after an *448 appeal to him, but rather dealt with the claim that the Commissioner’s erroneous interpretation of subdivision (2) of section 4407 of the Education Law was denying four handicapped children the placement they were entitled to under EHA and article 89 of the Education Law. The respondents contend that the distinction requires denial of the motion. The court disagrees.
Part of the problem is that this court’s prior decision was imprecise in resolving the procedural aspects of the litigation. For instance, in the decision of August 21, 1985, denying the respondents’ motion to dismiss the petition for failure to state a cause of action, the proceeding was converted to a declaratory judgment action. Unfortunately, the parties continued to be denoted as petitioners and respondents rather than plaintiffs and defendants. Such problems aside, this litigation, however labeled, qualifies as an action or proceeding under 20 USC § 1415 (e).
First of all, when the Commissioner originally moved to dismiss the petition for failure to state a valid cause of action his counsel admitted that "the petition purports to set forth claims for relief based upon the EHA and New York State Education Law sections 4401, et seq.” This court’s decision denying that motion has not been overturned. Consequently, from the outset, the Commissioner recognized that the theory behind the proceeding was a violation of the EHA.
Secondly, under Commissioner Ambach’s interpretation of section 4407 of the Education Law, parents adversely affected by a change in placement could never bring a 20 USC § 1415 proceeding and recover attorneys’ fees for the reason that under the Commissioner’s interpretation, only he can terminate a section 4407 (2) placement and would do so based on the individual need of the handicapped student. Since he makes the initial determination, obviously, the aggrieved parents are not going to be afforded an administrative remedy of appealing the Commissioner’s own determination back to him.
Finally, EHA should be broadly construed to effect its purpose of providing appropriate free public education for handicapped students. To that end, any remedy, such as permitting recovery of counsel fees, which spurs parents and guardians to protect the children’s interest, and hastens recalcitrant officials to meet their statutory duties, should be viewed expansively. This lawsuit resulted in a favorable decision to the parents permitting their children to retain the *449 appropriate placements. The intent of Congress in enacting Public Law 99-372 was to permit recovery of counsel fees in such actions. Consequently, that will be the result here.
The court fails to understand the Attorney-General’s second objection. Respondents’ counsel makes the general statement that "Since Congress was acting pursuant to its spending authority, Congress could not constitutionally retroactively amend the contract between the Government and the states to impose the obligation of attorneys’ fees on the states in matters which have been finally adjudicated prior to Congress’ amendment of the statute and its authorization of attorneys’ fees”. Apparently, the Attorney-General contends that applying the 1986 amendment in the manner requested by petitioners would violate the impairment of Contract Clause of the Federal Constitution (see, US Const, art I, § 10). Section 10 of article I of the Federal Constitution prohibits the States from making any law impairing the obligations of contracts; it does not speak to the Federal Government. Moreover, this court is not in the position to declare Public Law 99-372 unconstitutional for violating the impairment of Contract Clause (see, US Const art VI). Section 5 of Public Law 99-372 clearly states that: "[t]he amendment * * * shall apply with respect to actions or proceedings brought under section 615 (e) of the Education of the Handicapped Act after July 3, 1984, and actions or proceedings brought prior to July 4, 1984, under such section which were pending on July 4, 1984”. This action was brought after July 3, 1984, and qualifies for the recovery of an attorney’s fee.
The Attorney-General’s final arguments are that the hours, costs, and rates claimed are excessive. The original proceeding was before this court, and it is well aware of the complex nature of the litigation and the special expertise the petitioners’ counsel brought to it. Moreover, this court is acquainted with prevailing legal rates in the Albany area. At the time this proceeding was commenced and pursued to judgment, law firms in this area were billing their clients at a rate between $75 to $100 per hour. Consequently, an award of $90 per hour is appropriate. Finally, the figure of 129.85 hours expended by petitioners’ counsel is accepted as reasonable in view of the quality of the legal work, and the result obtained for the four children. Petitioners will be awarded a counsel fee in the amount of $11,686.50 and disbursements of $177.40, all without costs.