Esther C., an Infant, by Ephraim C., et al., Respondents-Appellants, v Gordon M. Ambach, as Commissioner of Education of the State of New York, et al., Appellants-Respondents.

Third Department, November 23, 1988

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Alan W. Rubenstein* and *Peter H. Schiff* of counsel), for appellants-respondents.

*Rebell & Katzive (Marion C. Katzive* of counsel), for respondents-appellants.

## OPINION OF THE COURT

Mercure, J.

Plaintiffs are four handicapped children who commenced a CPLR article 78 proceeding in Supreme Court, Albany County, to challenge a January 1985 determination of defendant Commissioner of Education that the cost of educational services to plaintiffs at the Hebrew Institute for the Deaf would not be reimbursed for the 1984-1985 school year. Supreme Court converted the proceeding into an action for a declaratory judgment and awarded judgment in favor of plaintiffs, declaring that the determination of the Commissioner to discontinue tuition payments was based upon an erroneous interpretation of Education Law § 4407 and that plaintiffs were entitled to remain at the school as "grandfathered" students until the placement was no longer appropriate to their individual needs.

Prior to the decision of the United States Supreme Court in *Smith v Robinson* (468 US 992), courts had often granted counsel fees in successful actions under the Education of the Handicapped Act (hereinafter EHA) (20 USC § 1400 *et seq.*), generally under 42 USC § 1988 or section 505 of the Rehabilitation Act (29 USC § 794a), on the basis of Civil Rights Act or Rehabilitation Act claims which paralleled their EHA claims. The *Smith* case, decided July 5, 1984, held, however, that EHA was the exclusive avenue through which handicapped children could pursue their educational claims and that counsel fees were not recoverable thereunder *(see, Counsel v Dow,* 849 F2d 731; S Rep No. 112, 99th Cong, 2d Sess 2-3 [1985], reprinted in 1986 US Code Cong & Admin News 1798, 1799-1800). Thereafter, in August 1986, Congress enacted Public Law No. 99-372, the Handicapped Children's Protection Act (hereinafter HCPA), which authorizes an award of counsel fees to parents who prevail in actions under EHA. The provision, codified at 20 USC § 1415 (e) (4) (B), states that "[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party". Consistent with its purpose to overrule *Smith,* HCPA was made retroactive to actions initiated after July 3, 1984 or pending on July 4, 1984,

the day prior to the decision in *Smith (see, Counsel v Dow, supra).*

Plaintiffs then moved for an award of counsel fees under HCPA. Supreme Court determined that plaintiffs had prevailed in the underlying action and ordered that plaintiffs be awarded $11,686.50 in counsel fees and $177.40 in disbursements (135 Misc 2d 446). It also awarded counsel fees in the amount of $750 and disbursements of $47.30 on the fee application. The fees awarded were based upon a rate of $90 per hour, determined by Supreme Court to be appropriate for the Albany area at the time the "proceeding was commenced and pursued to judgment" *(supra,* at 449). Defendants appeal and plaintiffs cross-appeal, contesting the amount of fees awarded on the action and the fee application.

■ The initial contention raised by defendants is that HCPA § 5 (100 US Stat 798), which provides for retroactivity, is an unconstitutional exercise of Congress' spending power. This point is premised in turn upon the contentions that EHA, as enacted in 1975, did not give notice to the States that they would be required to pay counsel fees as a condition of receiving Federal funds and that the retrospective grant of counsel fees constitutes legislative encroachment upon a judicial function by in effect adding costs where none had originally been granted. In our view, both contentions lack merit. The decision of the United States Supreme Court in *Pennhurst State School v Halderman* (451 US 1), relied upon by defendants, dealt not with retroactivity but, rather, with the requirement that "if Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously" *(supra,* at 17). There is no question that the legislation at issue here is clear and unambiguous *(see, Counsel v Dow, supra; Max M. v Illinois State Bd. of Educ.,* 684 F Supp 514, 521, *affd sub nom. Max M. v New Trier High School Dist. No. 203,* 859 F2d 1297 [Oct. 19, 1988]; *School Bd. v Malone,* 662 F Supp 999).

With respect to the claimed violation of the separation of powers doctrine, in *White v New Hampshire Dept. of Employment Sec.* (455 US 445), the United States Supreme Court found that a motion for counsel fees required an inquiry separate from the merits and such a motion " 'does not imply a change in the judgment, but merely seeks what is due because of the judgment' " *(supra,* at 452, quoting *Knighton v Watkins,* 616 F2d 795, 797; *see, Buchanan v Stanships, Inc.,* 485 US —, 108 S Ct 1130; *Max M. v Illinois State Bd. of*

*Educ., supra; Capello v District of Columbia Bd. of Educ.,* 669 F Supp 14). Last, with respect to the constitutional challenge, the United States Supreme Court has noted that EHA is not a simple funding statute *(Honig v Doe,* 484 US —, —, 108 S Ct 592, 597; *Smith v Robinson,* 468 US 992, 1010, *supra),* and at least two Federal courts have found it to have been enacted pursuant to US Constitution, 14th Amendment, § 5, requiring review under the rational basis test *(Michael M. v Board of Educ.,* 686 F Supp 995; *Max M. v Illinois State Bd. of Educ., supra).* Other courts have found HCPA § 5 to be rationally related to the legitimate purpose of ensuring that families of handicapped children will be able to obtain legal counsel to help them enforce their rights, and will encourage and make whole those who could not seek counsel fees during the time the *Smith* decision precluded such fee awards *(Counsel v Dow, supra; Capello v District of Columbia Bd. of Educ., supra).*

■ Defendants next contend that plaintiffs' underlying action was not an "action or proceeding brought under [20 USC § 1415 (e)]" (20 USC § 1415 [e] [4] [B]) because of plaintiffs' failure to pursue the administrative remedies specified in 20 USC § 1415 (b) (2) and (c) and that, therefore, there is no authority for an award of counsel fees under HCPA. We disagree. Since it was the Commissioner, the tribunal of last resort in the required administrative proceedings *(see,* Education Law § 4404), who made the disputed legal determination, the charade of asking him to overturn his own decision would have been senseless. Parents may bypass the administrative process where exhaustion would be futile or inadequate *(see, Honig v Doe,* 484 US —, —, 108 S Ct 592, 606, *supra; Smith v Robinson,* 468 US 992, 1014, n 17, *supra; J.G. v Board of Educ.,* 830 F2d 444; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52) or when a question of statutory analysis is involved *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *Matter of Vrooman v Prevost,* 80 AD2d 933).

■ We also reject the argument that counsel fees should have been imposed against the local school board and not the Commissioner. The Commissioner did not appeal the judgment in the underlying action and will not now be heard to complain that the fault was not his. Further, the decision to terminate the subject placements, turning on a question of statutory interpretation, was that of the Commissioner and not the local Board of Education.

■ Turning to the cross appeal, we conclude that Supreme Court did not abuse its discretion in awarding fees at the rate of $90 per hour, the rate determined to prevail in the Albany

area at the time of the underlying action. 20 USC § 1415 (e) (4) (C) provides that "fees awarded * * * shall be based on rates prevailing in the *community in which the action or proceeding arose* for the kind and quality of services furnished" (emphasis supplied). The fact that the Commissioner has his office in Albany and plaintiffs were seeking relief against a State officer supports a finding that the proceeding arose there, although injury to plaintiffs occurred elsewhere. However, this should not be interpreted as precluding a finding in future cases, commenced in the county of residence of the petitioner as permitted by the April 1988 amendment to CPLR 506 (L 1988, ch 41), that the action or proceeding arose in the county of the petitioner's residence.

We find error, however, in Supreme Court's award of $750 for services rendered on the fee application. Plaintiffs' attorneys alleged that 14.15 hours of a partner's time and 17.10 hours of an associate's time were expended in connection with the application. The time alleged to have been expended is reasonable, we feel, in view of the tenacity of the Commissioner's defense to the motion and the complexity of the issues involved, and we find nothing in Supreme Court's comprehensive findings or in the record to suggest that the services were not reasonably and necessarily rendered. Plaintiffs' attorneys should be compensated for the 31.25 hours expended on the motion. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation" *(Hensley v Eckerhart,* 461 US 424, 435). Supreme Court's determination of $90 as a reasonable hourly rate was based upon services rendered by a partner; it made no corresponding determination with respect to the services of an associate. Accordingly, we must remit the matter for redetermination of the award of counsel fees on the fee application following submission and consideration of appropriate evidence on the issue of the reasonable value of services rendered by an associate.

MAHONEY, P. J., KANE, CASEY and YESAWICH, JR., JJ., concur.

Order modified, on the law, with costs to plaintiffs, by reversing so much thereof as made an award of $750 for counsel fees for the motion for counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.