■ In the Matter of SIDNEY K., an Infant, by HARRY K. et al., His Parents, Respondent-Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Appellants-Respondents, et al., Respondent.—Mercure, J. Cross appeals from a judgment of the Supreme Court (Hughes, J.), entered June 10, 1987 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* granted

petitioner's motion for costs and reasonable counsel fees against certain respondents.

Petitioner is a handicapped child who was identified as emotionally disturbed and was enrolled in a private school, the Hebrew Institute for the Deaf and Exceptional Children (hereinafter HID), at public expense from September 1979 through the end of the 1983-1984 school year. On March 1, 1984 the Committee on the Handicapped (hereinafter COH)* of respondent Board of Education of the New York City School District (hereinafter the City Board) met to review petitioner's needs for the 1984-1985 school year and, as in past years, recommended that he be classified as emotionally disturbed and continued at HID. However, prior to commencement of the 1984-1985 school year, respondent Director of the State Education Department's Office for Education of Children with Handicapping Conditions (hereinafter the Director) advised the City Board that she would not approve petitioner's further placement at HID and directed that it reevaluate him for the purpose of recommending an alternative educational placement. COH reevaluated petitioner and, as a result, changed his classification to mentally retarded and recommended that he be placed in a public school class for retarded children.

Petitioner's parents enrolled him at HID at their own expense and initiated impartial review procedures to challenge the appropriateness of the placement. Hearings were conducted before an impartial Hearing Officer, who decided that petitioner's proper classification was his former one, emotionally disturbed child, that COH's proposed public school placement was inappropriate, that HID was an appropriate placement and that petitioner's parents were entitled to tuition reimbursement during the pendency of review. The Hearing Officer specifically found that the status quo placement under Education Law § 4404 (4) was the existing program at HID. The City Board did not seek further administrative review and submitted appropriate forms to the State Education Department for funding. Thereafter, the Director notified the City Board that continued placement of petitioner at HID could not be approved because it would conflict with regulations of respondent Commissioner of Education (hereinafter the Commissioner).

This CPLR article 78 proceeding was commenced on petitioner's behalf in Supreme Court, Albany County, against the

---

* After July 1, 1986, such a committee is designated as a Committee on Special Education *(see,* L 1986, ch 273).

Commissioner, the Director (individually and in her governmental capacity) and the City Board seeking judgment mandating respondents to pay tuition for petitioner at HID in accordance with the decision of the Hearing Officer, to take steps to assure that petitioner's placement would be protected in accordance with Education Law § 4404 (4) and 20 USC § 1415 (e) (3) during the pendency of further administrative and judicial review procedures, and awarding petitioner costs and disbursements, including reasonable counsel fees pursuant to 42 USC § 1988. During the pendency of the article 78 proceeding, respondents continued in their efforts to change petitioner's placement, necessitating further administrative proceedings and two separate decisions of a Hearing Officer that HID was the status quo placement and could not be altered during the pendency of review proceedings absent agreement on the part of petitioner's parents (see, 20 USC § 1415 [e] [3]; Education Law § 4404 [4]). After first dismissing the claims asserted against the Director individually and those predicated upon 42 USC § 1988, Supreme Court rendered a decision dated January 21, 1986 holding that the Hearing Officer's determination was final and binding in the absence of an appeal by the City Board or review or modifications by the Commissioner pursuant to Education Law § 4404 (2), and granting the petition to the extent of directing respondents to implement the Hearing Officer's decisions by approving and funding the placement of petitioner at HID during the 1984-1985 school year. Respondents did not appeal the judgment entered thereon.

Following enactment of Public Law No. 99-372, the Handicapped Children's Protection Act (20 USC § 1415 [e] [4]), which authorizes an award of counsel fees to parents who prevail in actions under 20 USC § 1400 (see, Matter of Esther C. v Ambach, 142 AD2d 94), the instant application was made for counsel fees incurred on petitioner's behalf in connection with all administrative review proceedings and the CPLR article 78 proceeding. Supreme Court ordered an award solely against the State respondents, the Commissioner and the Director (hereinafter collectively referred to as respondents), in the amount of $15,300 for counsel fees, $500.80 for disbursements and counsel fees of $450 on the fee motion, for a total award of $16,250.80. The court accepted as reasonable the 170 hours alleged to have been expended by petitioner's attorneys, added an additional five hours for the fee motion and computed the total at the hourly rate of $90, found to be prevailing in the Albany area. Respondents appeal and petitioner cross-appeals the award of counsel fees and disbursements.

Respondents' contentions that Congress was not authorized to grant discretionary power to courts to make a retroactive award of counsel fees and that the retroactive application of the law is an unconstitutional exercise of Congress' spending power are rejected for the reasons stated in *Matter of Esther C. v Ambach (supra)*. Respondents further maintain that petitioner is not entitled to counsel fees for time devoted to the CPLR article 78 proceeding because he was not "aggrieved" by the Hearing Officer's decision *(see,* 20 USC § 1415 [e] [2]) or by a "decision" of a State educational agency (20 USC § 1415 [c]). We disagree. Although it is true that petitioner prevailed at the administrative level and had no basis for seeking review of the favorable determination, he was clearly aggrieved by the Commissioner's subsequent determination to ignore the Hearing Officer's decision and to withhold funding of petitioner's placement at HID. Administrative review of the Commissioner's action would have been senseless since the Commissioner is himself the final administrative tribunal, so petitioner was compelled to seek redress in the courts *(see, Matter of Esther C. v Ambach, supra)*.

We also disagree with respondents' contention that petitioner is not entitled to an award of counsel fees incurred at the administrative proceedings. Initially, the argument is founded upon the erroneous supposition that the subsequent CPLR article 78 proceeding was brought solely to recover fees. Further, the great weight of Federal authority would permit an award of counsel fees in any event *(see, e.g., Robert D. v Sobol,* 688 F Supp 861, 864-865, *appeal dismissed* — F2d — [Sept. 20, 1988]).

The contention that fees should have been assessed against the City Board and not respondents also lacks merit. Supreme Court properly found that all of the administrative and judicial proceedings involving petitioner were caused by the Director's initial determination that the State Education Department would not approve the placement initially recommended by COH and the Commissioner's subsequent refusal to comply with the Hearing Officers' determinations.

Addressing the cross appeal, we find, as in *Matter of Esther C. v Ambach (supra),* that Supreme Court did not abuse its discretion in awarding fees at the rate of $90 per hour, the rate determined to prevail in the Albany area at the time of the underlying proceeding. In our view, however, Supreme Court did err in basing the award on the fee application upon its own estimate of the time reasonably expended and not permitting petitioner's attorneys to submit their contempora-

neous time records. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation" *(Hensley v Eckerhart,* 461 US 424, 435). Accordingly, we must remit the matter for redetermination of the award of counsel fees, expenses and disbursements on the fee application following submission and consideration of appropriate evidence on the issue.

Judgment modified, on the law, with costs to petitioner, by reversing so much thereof as made an award of $450 for counsel fees for the motion for counsel fees and costs; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.

