726 So.2d 801 (1999)
W.R., a minor, By and Through John DOE, et al., Appellants,
v.
SCHOOL BOARD OF OSCEOLA COUNTY, Florida, Appellee.
No. 98-946
District Court of Appeal of Florida, Fifth District.
January 15, 1999.
Rehearing Denied March 10, 1999.
*802 Robert Hornstein and Peter D. Sleasman, Gainesville, for Appellants.
Usher L. Brown and Mary Van Leuven of Brown, Ward & Van Leuven, P.A., Orlando, for Appellee.
DAUKSCH, J.
The question on appeal is whether state courts have concurrent jurisdiction with federal courts to award an attorneys' fee under 20 USC §§ 1400 et seq. (1997), the Individuals with Disabilities in Education Act (IDEA). Because appellee filed its action for injunction under the IDEA in state court, appellants assert it is the state court which should consider the award of attorney's fees. Appellee, though, successfully argued below that only federal district courts have jurisdiction to award such fees. We agree with appellants and reverse the order denying W.R.'s motion for fees.
This case arose out of appellee Osceola County School Board's injunctive action under the IDEA. The School Board sought to temporarily enjoin W.R., a minor, from attending Osceola High School pending an agreement on the appropriate educational placement for the child. After hearing the parties, the circuit court denied the injunction, finding that the School Board had not demonstrated that W.R. presented a danger to himself or others. The court denied W.R.'s subsequent motion for fees, apparently agreeing with appellee that only federal district courts may award fees under the IDEA. We disagree.
The IDEA[1] serves to ensure that disabled students have the right to "free appropriate public education." See 20 U.S.C. § 1412(1). Local agencies must establish an Individual Education Program (IEP) for each disabled child within their jurisdiction with the aid of the child's parents and teacher. See 20 U.S.C. § 1401(18). Once established, an IEP may be amended only with notice to the parents, who may challenge the initial IEP or any amendments thereto by filing a complaint with an appropriate educational agency. See 20 U.S.C. § 1415(b)(2).[2] The IDEA also requires that a disabled child "stay put" in his educational setting throughout this process unless the governing agency demonstrates that the child is a danger to others and obtains an order excluding the child (i.e., temporary injunction). See Honig v. Doe, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).
The jurisdictional confusion in this case originates with § 1415(e)(4),[3] which allows parents to recover their attorney's fees incurred defending or prosecuting an action under the IDEA. Subsection (e)(4)(A)[4] states that "district courts of the United States shall have jurisdiction of actions brought under this subsection without regard to the amount in controversy." (emphasis added). Subsection (B) goes on to state that "the court, in its discretion, may award reasonable attorney's fees ... to the parents or guardian of a child or youth ... who is the prevailing party." The statute contains no indication of whether the language emphasized immediately above was intended to grant federal district courts with exclusive jurisdiction to award fees, or simply to grant the district courts concurrent jurisdiction *803 without regard to the minimum amount in controversy.
This section has been interpreted very differently by state and federal courts. Appellate courts in at least five states, including three state supreme courts, have awarded fees to prevailing parents under the IDEA without directly addressing the jurisdictional issue.[5] On the other hand, federal courts have generally ruled that § 1415(e)(2)(civil actions) and (e)(4)(attorney fees) involve separate proceedings and implied or stated outright that fees may only be awarded by United States District Courts in a separate action where the original claim is brought in state court. See Zipperer v. School Bd. Of Seminole County, 111 F.3d 847, 851 & fn. 2 (11th Cir.1997)(stating that "the IDEA provides two distinguishable causes of action under sections 1415(e)(2) and 1415(e)(4)(B)" and "the available forums are different under the two actions"); B.K. v. Toms River Bd. of Educ., 998 F.Supp. 462, 470 (D.N.J.1998)(stating that "a fee application pursuant to § 1415(e)(4)(B) is a distinct proceeding from an action brought pursuant to § 1415(e)(2)"); Curtis K. v. Sioux City Community Sch. Dist., 895 F.Supp. 1197, 1210 (N.D.Iowa 1995)("Jurisdiction over the action for attorney's fees lies not in either State or Federal court, but, pursuant to § 1415(e)(4)(A), in the district courts of the United States.").
Appellee maintains that only federal district courts have jurisdiction to consider the fee question and cites Zipperer and the above federal district court opinions as authority. No federal court, though, has faced the issue directly. The relevant language in Zipperer consists of dicta in a footnote and the remainder of the opinion does not address whether state courts are empowered to award fees under § 1415(e)(4). Rather, Zipperer, along with the federal court cases cited above, analyzed § 1415(e)(4) in terms of which analogous state statute of limitations applied to post-judgment fee claims.
A New Jersey appellate court, though, has faced the jurisdictional issue directly, holding that state and federal courts have concurrent jurisdiction to award fees under the IDEA. See J.H.R. v. East Brunswick Board of Education, 705 A.2d 766 (N.J.Super.Ct.App.Div.1998). J.H.R. is particularly applicable to the instant appeal because both cases involved parents seeking to recover fees in state court after successfully defending against IDEA actions brought by local school boards. We are persuaded by that court's well-reasoned opinion and agree that state and federal courts have concurrent jurisdiction to award prevailing parents fees in IDEA actions.
Initially, we note that the language in § 1415(e)(4)(A)"[t]he district courts of the United States shall have jurisdiction of actions brought under this subsection without regard to the amount in controversy"is simply meant to circumvent the minimum amount in controversy requirement for district courts. We cannot agree with appellee's assertion that this language operates to divest state courts of jurisdiction to award fees under the IDEA. This section predated the attorney's fee provision, which was added in 1986, and "[a]t the time of the enactment of the jurisdiction provision, Congress could not have intended its application to a not yet adopted [attorney's fee] statute." See Id. at 776-77 (disapproving of Zipperer).
Further, the established general rule is that state courts "have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." Id. at 775 (quoting Claflin v. Houseman, 93 U.S.(3 Otto) 130, 136, 23 L.Ed. 833 (1876)). This inherent authority *804 yields only to Congress' power to limit jurisdiction over federal statutory claims to federal courts, and Congress has previously used explicit language when divesting state courts of such jurisdiction. See Id. As correctly noted by the J.H.R. court, no such exclusionary language was included in § 1415(e)(4)(B). See J.H.R., 705 A.2d at 775-76. Rather, section (e)(4)(A) simply states that federal district courts "shall have jurisdiction over actions brought under this subsection without regard to the amount in controversy." Compare with 42 U.S.C.2000E-5(f)(3) (1997)(stating that "[e]ach United States District Court ... shall have jurisdiction of actions brought under this subchapter"), and Yellow Freight Sys. v. Donnelly, 494 U.S. 820, 823-25, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990)(ruling that 42 U.S.C. § 2000E-5(f)(3) does not operate to divest state courts of concurrent jurisdiction over federal claims).
Finally, the policies underlying the IDEA, along with notions of judicial economy, compel a finding of concurrent jurisdiction. Nothing in the statute or interpretive case law suggests that prevailing parents in IDEA actions initiated in state court should be required to then file separate actions in federal court to recover attorney's fees. The Eleventh Circuit's ruling in Mitten v. Muscogee County Sch. Dist., 877 F.2d 932, 937 (11 th Cir.1989) that fees should "be awarded to the prevailing party as a matter of course" supports this conclusion.
In sum, this court agrees with J.H.R. that § 1415(e)(4) grants state and federal district courts concurrent jurisdiction to award fees. Accordingly, the appealed order is reversed and the cause remanded for an assessment of the fees.
REVERSED and REMANDED.
GOSHORN and ANTOON, JJ., concur.
NOTES
[1] Recent amendments to the IDEA have changed the section designations for 20 U.S.C. § 1415. The cases cited herein, though, predate the amendments. For the sake of clarity, this opinion will cite to pre-amendment sections in the text and footnote updated cites.
[2] Now codified at 20 U.S.C. § 1415(f).
[3] Now codified at 20 U.S.C. § 1415(i)(3).
[4] Now codified at 20 U.S.C. § 1415(i)(3)(A).
[5] Idaho: Doolittle v. Meridian Joint Sch. Dist. No. 2, 128 Idaho 805, 919 P.2d 334 (Idaho 1996)(fees awarded). Illinois: Community Cons. Sch. Dist. No. 54 v. Board of Educ., 216 Ill. App.3d 90, 159 Ill.Dec. 581, 576 N.E.2d 250 (Ill. 1st DCA 1991)(fees awarded). Indiana: Miller v. West Lafayette Community Sch. Corp., 665 N.E.2d 905 (Ind.1996)(no fees awarded to parent who also acted as attorney). New Jersey: J.H.R. v. East Brunswick Bd. of Educ., 705 A.2d 766 (N.J.Super.Ct.App.Div.1998)(awarding fees and holding that state courts have jurisdiction). New York: Northeast Cent. Sch. Dist. v. Sobol, 79 N.Y.2d 598, 584 N.Y.S.2d 525, 595 N.E.2d 339 (N.Y.1992)(fees awarded); Sidney K. v. Ambach, 144 A.D.2d 874, 535 N.Y.S.2d 468 (N.Y.3d App. Div.1988)(fees awarded); Esther C. v. Ambach, 142 A.D.2d 94, 535 N.Y.S.2d 462 (N.Y.3d App. Div.1988)(fees awarded).