### ANDALUSIA CITY BOARD OF EDUCATION, Plaintiff,

v.

### David and Deborah ANDRESS, as parents and next friends of Michael Andress, a minor, Defendants.

No. 95–D–1204–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 9, 1996.

John M. Peel, Abner R. Powell, III, Andalusia, AL, Donald B. Sweeney, Jr., Birmingham, AL, for plaintiff.

Robbie S. Crook, Matthew C. Lamare, Dothan, AL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is the motion of defendants David and Deborah Andress filed September 15, 1995, to dismiss the above-styled cause. Also on September 15, 1995, the defendants filed a counterclaim for attorney's fees, compensatory and punitive damages, costs, and an injunction ordering the plaintiff to comply with the order of the hearing officer. Plaintiff Andalusia City Board of Education ("the School Board") responded in opposition to the Andress' motion to dismiss on October 6, 1995. The plaintiff also filed a motion on October 6, 1995, to dismiss the defendants' counterclaim. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that the defendants' motion to dismiss is due to be granted and that the plaintiff's motion to dismiss the defendants' counterclaim is due to be granted in part and denied in part.

### STANDARD OF REVIEW FOR MOTION TO DISMISS

Lack of subject matter jurisdiction may be asserted by either party or the court, *sua sponte,* at any time during the course of an action. Fed.R.Civ.P. 12(b)(1). Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting the jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66

L.Ed.2d 217 (1980).[1] The movant may use affidavits and other materials beyond the pleadings themselves in support of or in opposition to a challenge of subject matter jurisdiction. *Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). In ruling on the motion, the court is to "consider the allegations of the complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Unlike a motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, dismissals for lack of subject matter jurisdiction do not involve the merits of the claim. *Exchange Nat'l. Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir.1976).

## STATEMENT OF FACTS

Michael Andress ("Michael") is a special education student in the Andalusia City School System with a disability within the meaning of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* On July 21, 1995, after a six-day hearing, an administrative hearing officer found that the School Board had failed to provide Michael with a free appropriate education as required by the IDEA. On September 8, 1995, the School Board filed an action in the Circuit Court of Covington County, Alabama, appealing the decision of the administrative hearing officer pursuant to the Alabama Administrative Code 290–080–090.[2] On September 15, 1995, the defendants removed the above-styled action to federal court pursuant to 28 U.S.C. § 1441.

Because the plaintiff did not file its action until forty-nine days after the decision of the hearing officer was issued, the defendants contend that the plaintiff's action did not comply with the provisions of the Alabama Administrative Code. Specifically, the defendants contend that the School Board failed to provide a notice of intent to file a civil action within thirty days as required by the Alabama Administrative Code 290–080–090(10)(4)(c)(12).[3] Consequently, the defendants note that the School Board also failed to file a civil action in a court of competent jurisdiction within thirty days after the filing of the notice of intent to file the civil action as required by Alabama Administrative Code 290–080–090(10)(4)(c)(12). The plaintiff contends that the defendant's counterclaim was not timely filed pursuant to these same two provisions of the Alabama Administrative Code because it was filed fifty-six days after the decision of the hearing officer was issued.

## DISCUSSION

Congress enacted the IDEA in 1970 to ensure that children born with physical and mental disabilities "have available to them . . . , a free appropriate public education which emphasizes special education and related services designed to meet their unique needs. . . . " 20 U.S.C. § 1400(c). An action under the IDEA must be brought in an administrative setting before it can be brought in either federal or state court. *See* 20 U.S.C. §§ 1415(b)(2) & (c). An "aggrieved" party may then file an action appealing a final judgment of an administrative hearing officer in either a United States District Court or a state circuit court of compe-

---

**1.** Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

**2.** Alabama Administrative Code 290–80–090 10(4)(c)(11) states that "[t]he decision of an Impartial Due Process Hearing Officer is final unless a party brings a civil action pursuant to 20 U.S.C. § 1415(e)(2)." Under § 1415(e)(2) of the IDEA,

Any party aggrieved by the findings and decision made [by an impartial hearing officer pursuant to] subsection (b) of this section . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. . . .

**3.** The Alabama Administrative Code 290–80–090(10)(4)(c)(12) provides the following:

An aggrieved party shall file a notice of intent to file a civil action with all parties to the Impartial Due Process Hearing *within thirty* (30) calendar days upon receipt of the decision of the Impartial Due Process Hearing Officer. . . . A civil action in a court of competent jurisdiction must be filed within thirty (30) days of the filing of the notice of intent to file a civil action.

**1182**

tent jurisdiction. 20 U.S.C. § 1415(e)(2). Furthermore, while attorney's fees and costs cannot be awarded at the administrative level, "the court, in its discretion, may award reasonable attorney's fees as part of the costs to ... the prevailing party." 20 U.S.C. § 1415(e)(4)(B).

The IDEA does not address the appropriate statute of limitations for bringing an action in state or federal court subsequent to an administrative hearing decision. In a situation where a federal statute is silent as to the appropriate statute of limitations, the Supreme Court of the United States has held that a court should "apply the most closely analogous statute of limitations under state law." *Del Costello v. International Bhd. of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1985). A court should thus "apply a statute of limitations which finds some relevance to the administration of the IDEA itself." *Dell v. Board of Educ., Tp. High Sch. Dist. 113*, 32 F.3d 1053, 1064 (7th Cir.1994).

Although the Eleventh Circuit has not addressed the question of the relevant Alabama statute of limitations, it has suggested that it would apply Florida's 30–day statute of limitations, as provided by Florida's Appellate Procedure Act, to substantive appeals in the state of Florida under the IDEA. *JSK ex rel. JK & PGK v. Hendry County Sch. Bd.*, 941 F.2d 1563, 1570, n. 1 (11th Cir.1991). The Eleventh Circuit reasoned that a 30–day limitation "assure[s] prompt resolution of disputes over [individualized education plans] or for handicapped children." *Id.* (quoting *Department of Educ., State of Hawaii v. Carl D.*, 695 F.2d 1154, 1157 (9th Cir.1983)). Several courts have come to the same conclusion, holding that a short statute of limitations period is necessary to fulfill the purpose of the IDEA. *See, e.g., Amann v. Town of Stow*, 991 F.2d 929 (1st Cir.1993) (30 days); *Spiegler v. District of Columbia*, 866 F.2d 461 (D.C.Cir.1989) (30 days); *Department of Educ. v. Carl D.*, 695 F.2d 1154 (9th Cir. 1983) (30 days); *Adler v. Education Dept.*, 760 F.2d 454 (2d Cir.1985) (4 months); *Bow School Dist. v. Quentin W.*, 750 F.Supp. 546 (D.N.H.1990) (30 days); *Wills v. Ferrandino*, 830 F.Supp. 116, 122 (D.Conn.1993) (45 days); *Dell*, 32 F.3d at 1063 (7th Cir.1994) (120 days).

## A. The School Board's Claim

In the present case, both plaintiff and defendants ask the court to adopt the 30–day statute of limitations from Alabama's administrative appeal statute. The court will first address the School Board's appeal of the decision of the administrative hearing officer. In this regard, the First Circuit's decision in *Amann* is particularly compelling because it discussed at length the reasons that the court decided to adopt the 30–day statute of limitations from the state's administrative appeal statute. *Amann*, 991 F.2d at 932.

In *Amann*, the court noted that the role of a federal court reviewing an administrative decision under the IDEA is much the same as a typical administrative appeal because a reviewing court must refrain from substituting its own views of educational policy for those of hearing officers with more expertise in the field. *Id.* The *Amann* court also found that a 30–day statute of limitations furthers the goal of the IDEA to have expeditious resolutions of disputes over a student's individualized education program ("IEP"). *Id.* Furthermore, the court recognized that, even if parents of a student were prejudiced by a shorter statute of limitations, other provisions of the IDEA alleviated much of the harm. *Id.* For example, the IDEA requires schools to review and revise IEP's for each eligible student at least once a year. 20 U.S.C. § 1414(a)(5). Finally, it is important to note that the only decision that needs to be made within the 30–day time period after an administrative decision is rendered is whether or not to proceed to federal or state court—there is no need for additional time to gather evidence or prepare legal briefs, which usually necessitate a longer statute of limitations. *Wills*, 830 F.Supp. at 120.

Based on the foregoing reasoning, the court finds that the limitations period of the Alabama Administrative Code should be adopted for substantive appeals of the decisions of administrative hearing officers under the IDEA. Accordingly, the School Board's appeal is due to be dismissed for two rea-

sons. First, the School Board failed to file a notice of filing a civil action within thirty days of the issuance of the administrative officer's appeal as required by the Alabama Administrative Code 290–080–090(10)(4)(c)(12). While this first failure to abide by the procedural requirements of the Alabama Administrative Code is dispositive, the court notes that the School Board also failed to file their appeal within thirty days of filing a notice of filing a civil action as required by the Alabama Administrative Code 290–080–090(10)(4)(c)(12). Instead it filed its appeal directly with the federal court 49 days after the administrative hearing officer issued his ruling.

### B. *The Defendants' Counterclaims*

#### 1. *IDEA Counterclaim in Count I.*

In Count I of their counterclaim, the Andress' request the court to award them attorney's fees, compensatory and punitive damages, and the cost of providing Michael with a free appropriate public education pursuant to the IDEA, 20 U.S.C. § 1400 *et seq.*, and pursuant to § 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Andress's also ask the court in Count I to issue an injunction ordering the School Board to comply with Michael's current IEP and to further comply with the orders of the hearing officer. The court will first address the request for attorney's fees and costs pursuant to the IDEA.

The court recognizes that a claim for attorney's fees under the IDEA cannot be filed with an administrative officer, but must instead be filed in either state court or federal court subsequent to the decision of the administrative officer pursuant to 20 U.S.C. § 1415(e)(4). Thus, an action for attorney's fees is not an action appealing a substantive decision of an administrative hearing officer pursuant to 20 U.S.C. § 1415(e)(2). It is clear, however, that "any action for attorney's fees is inextricably connected to the administrative proceedings that determine the substance of the child's rights, and suits to recover fees supplement the substantive administrative actions." *Zipperer v. School Bd. of Seminole County, Fla.*, 891 F.Supp. 583 (M.D.Fla.1995). "Although the promptness of the decision may not be as important

... as in other IDEA situations, both the school district and the parents still have an interest—along with the attorney—in the expeditious resolution of th[e] [issue of attorney's fees]. *Dell,* 32 F.3d at 1063–64 (7th Cir.1994). Furthermore,

> the fact that suits for attorney's fees refer back to administrative hearings is relevant, because in awarding fees the court must review proceedings "in a state administrative environment with which it may not be very familiar. A return to this quagmire months after adjudication of the merits would result in a needless expenditure of judicial energy."

*Zipperer,* 891 F.Supp. at 586 (quoting *Dell,* 32 F.3d at 1063). In fact, the *Dell* court found that "the resolution of *all disputes* under § 1415 between parents and schools, *including cost and reimbursement issues,* must be resolved quickly," and thus dismissed the parents claims for reimbursement and attorney's fees because the statute of limitations had run. *Dell,* 32 F.3d at 1060 (emphasis added).

In *Zipperer,* the court, relying both on the Eleventh Circuit's suggestion in *JSK,* 941 F.2d at 1570 n. 1, and the reasoning of the Seventh Circuit in *Dell,* adopted the 30–day statute of limitations period prescribed by the Florida Appellate Procedure Act for actions brought pursuant to the IDEA. The court finds the Eleventh Circuit's suggestion in *JSK* along with the aforementioned reasoning in *Dell* convincing. Thus, the court finds that the provisions of the Alabama Administrative Code apply to the defendant's counterclaim brought pursuant to the IDEA. Accordingly, the court finds that the parents' counterclaim pursuant to the IDEA is due to be dismissed because it was filed fifty-six days after the administrative hearing officer issued his final decision.

Some courts have held that a short statute of limitations period for claims brought pursuant to the IDEA should be equitably tolled under certain circumstances. *See Carl D.,* 695 F.2d at 1158 ("equitable considerations might militate against the rigid enforcement of a thirty-day limitation period where unrepresented parents or guardians are unaware of the availability of review of an adverse

decision"); *Barnett v. District of Columbia,* 491 A.2d 1156, 1163 (D.C.1985) (resort to technicalities to foreclose recourse to judicial processes is inappropriate, especially when laymen initiate the process without assistance of counsel); *Hebert v. Manchester, New Hampshire, School District,* 833 F.Supp. 80, 84–85 (D.N.H.1993) (Equitable tolling is appropriate "when parents or guardians are not represented by legal counsel, or were not fully apprised of their rights of appeal, or acted in good faith within the time previously approved by a court of competent jurisdiction"). The court believes the use of equitable tolling to be a better solution to litigants' individual difficulties than a longer statute of limitations because of the need to have disputes under the IDEA resolved expeditiously. *See Zipperer,* 891 F.Supp. at 587.

 The parents in this action, the Andress's, were obviously competently represented by counsel because they raised the issue of the School Board's failure to comply with the provisions of the Alabama Administrative Code. As to the School Board, the court notes that equitable tolling is generally only available to parents, and that the School Board failed to provide the court with any reason to equitably toll the statute regarding its action appealing the decision of the administrative hearing officer. Thus, the court finds that the circumstances of this case do not warrant a tolling of the statute of limitations as to either party for their claims brought pursuant to the IDEA.

2. *Rehabilitation Act Counterclaim in Count I and Section 1983 Counterclaim in Count II.*

While the defendants' counterclaim brought pursuant to the IDEA in Count I is due to be dismissed for failure to comply with the requirements of the Alabama Administrative Code, the plaintiff's motion to dismiss the defendants' counterclaim brought pursuant to § 504 of the Rehabilitation Act in Count I is due to be denied.[4] Similarly, plaintiff's motion to dismiss defendants' claims in Count II is due to be denied.[5]

 Similar to the IDEA, § 504 of the Rehabilitation Act does not provide a statute of limitations period. Thus, as it did for the IDEA counterclaim, the court must adopt the appropriate statute of limitations period for the § 504 counterclaim. A claim brought under § 504 of the Rehabilitation Act is similar to a claim brought under 42 U.S.C. § 1983 because the Rehabilitation Act is a civil rights statute. *Board of Educ. of the City of Chicago v. Wolinsky,* 842 F.Supp. 1080, 1085 (N.D.Ill.1993); *see also Greater Los Angeles Council on Deafness, Inc., v. Zolin,* 812 F.2d 1103, 1107 (9th Cir.1987). As such, a claim brought pursuant to the Rehabilitation Act should not be subject to a statute of limitations period under a state's appellate procedure act; rather, a court should apply the state's personal injury statute of limitations. *Wolinsky,* 842 F.Supp. at 1085.

The Eleventh Circuit has applied Alabama's two-year personal injury statute of limitations, as provided in Ala.Code § 6–2–38(*l*), to claims brought under 42 U.S.C. § 1983. *Owens v. Okure,* 488 U.S. 235, 246, n. 9, 109 S.Ct. 573, 580 n. 9, 102 L.Ed.2d 594 (1989); *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir.1989). Thus, in the present action, the court finds that the two-year statute of limitations should be applied

---

4. The court's decision to address the defendants' counterclaim brought under the Rehabilitation Act separately from the defendants' counterclaim brought under the IDEA is supported by 20 U.S.C. § 1415(f), which provides:

Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973 [29 U.S.C. § 790 et seq.], or other federal rights of handicapped children and youth, except that before the filing of a civil action under such laws seeking relief that is also available under this

subchapter, the procedures under subsections (b)(2) and (c) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

5. The court notes that its decision to deny the plaintiff's motion to dismiss the Rehabilitation Act claim in Count I and all claims in Count II for failure to comply with the Alabama Administrative Code only addresses the limited question of whether the Alabama Administrative Code bars these claims.

to the defendants' claim brought pursuant to § 1983. Furthermore, based on the reasoning above, the court finds that it should adopt this same statute of limitations for the defendant's claims brought pursuant to § 504 of the Rehabilitation Act.[6] Thus, the plaintiff's motion to dismiss defendants' counterclaims brought pursuant to § 504 of the Rehabilitation Act in Count I based on their failure to comply with the Alabama Administrative Code is due to be denied. Similarly, the plaintiff's motion to dismiss the defendants' counterclaims in Count II pursuant to § 1983 for failure to comply with the Alabama Administrative Code is due to be denied.

## CONCLUSION

Based on the foregoing, it is CONSIDERED and ORDERED that the defendants' motion to dismiss the plaintiff's action be and the same is hereby GRANTED.

It is further CONSIDERED and ORDERED that the plaintiff's motion to dismiss the defendants' counterclaims pursuant to the IDEA in Count I be and the same is hereby GRANTED.

It is further CONSIDERED and ORDERED that the plaintiff's motion to dismiss the defendants' counterclaims pursuant to the Rehabilitation Act in Count I and the defendants' counterclaims pursuant to § 1983 in Count II based on a failure to comply with the Alabama Administrative Code be and the same is hereby DENIED.

---

**6.** It may seem illogical to apply the Alabama Administrative Code's shorter statute of limitations period to the defendants' claims pursuant to claims under the IDEA and the two-year personal injury statute of limitations period to claims under § 504 of the Rehabilitation Act because both statutes seek to ensure that disabled students obtain a free appropriate education. However, these two periods began running at different times so as to make the practical effect more compatible. While the statute of limitations under the Alabama Administrative Code commences to run at the time the hearing officer's decision is issued, the statute of limitations under the personal injury statute begins running at the time of the injury to the student, *i.e.,* most likely at the time the school district offers or denies a special education program. *Wolinsky,* 842 F.Supp. at 1085, n. 5.