**Mark Andrew FRITSCHLE, et al., Plaintiffs,**

**v.**

**John M. ANDES, et al., Defendants.**

**Civ. No. AMD 98–1694.**

United States District Court, D. Maryland.

Jan. 5, 1999.

Matthew B. Bogin, Michael J. Eig, Bogin & Eig, Washington, DC, for Plaintiffs.

P. Tyson Bennett, Eric Charles Brousaides, Reese & Carney, Annapolis, MD, JoAnn Grozuczak Goedert, J. Joseph Curran,

Jr., Office of the Attorney General, Baltimore, MD, for Defendants.

## · MEMORANDUM

DAVIS, District Judge.

This is an action under the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. § 1400 *et seq.* Plaintiffs allege that the Worcester County Board of Education ("WCBE") violated the IDEA in failing to provide their child Andrew with a "free appropriate public education" during the 1996–97 school year and they seek reimbursement for the costs of private schooling. A Maryland state administrative law judge ("ALJ") ruled against plaintiffs during the administrative processing of this case, prompting the appeal to this court. After the 180 day limitations period mandated by Maryland law had expired, *see* Md.Code Ann., Educ. § 8–413(h), WCBE purported to file a "counterclaim" challenging the state ALJ's contemporaneous grant of relief to plaintiffs for the 1995–96 school year. Plaintiffs moved to dismiss the "counterclaim" as untimely. In a recent memorandum and order, I granted plaintiffs' motion. I rejected WCBE's argument in support of a form of equitable tolling and concluded, *inter alia,* that the "counterclaim" was barred by limitations. *See* 25 F.Supp.2d at 699.

In so concluding, I reasoned that, although for purposes of Fed.R.Civ.P. 13(a), the purported "counterclaim" was almost certainly a *compulsory* counterclaim, that would support application of the rule recognized in the Fourth Circuit that "the institution of the plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim," *Burlington Indus. v. Milliken & Co.,* 690 F.2d 380, 389 (4th Cir. 1982), *cert. denied,* 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983), "the rule is simply not applicable here." I stated:

> WCBE's action, although pled in a "counterclaim," is in reality an appeal of an adverse administrative agency decision. WCBE seeks simply to have this Court "reverse the decision of the Maryland Office of Administrative Hearings with regard to the 1995–96 school year." The

district court's task in IDEA cases is largely limited to a review the administrative record; although the Court may make independent findings of fact, due weight must be given to the administrative findings. *See Doyle v. Arlington County Sch. Bd.,* 953 F.2d 100 (4th Cir.1991), *aff'd,* 39 F.3d 1176 (4th Cir.1994). The only additional evidence permitted in this type of action is "supplemental evidence," for "a lax interpretation of 'additional evidence' would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the [IDEA's] judicial review mechanism into an unrestricted trial de novo." *Springer v. Fairfax County Sch. Bd.,* 134 F.3d 659, 667 (4th Cir.1998) (citations omitted). These aspects of the role of judicial review under the IDEA support the recharacterization of WCBE's putative "counterclaim" as what it is in law: an appeal.

25 F.Supp.2d at 703. In a footnote, I further observed that

> If WCBE's counterclaim argument were relevant, however, there is little support for the Fritschles' assertion that WCBE's counterclaim is not compulsory. WCBE's counterclaim arises from the same administrative hearing, involves the same child and same Board of Education, and evokes consideration of the same law. That the appeal is from a different portion of the ALJ's decision does not vitiate its status as "aris[ing] out of the same transaction." *See e.g., Whigham v. Beneficial Finance Co.,* 599 F.2d 1322, 1323 (4th Cir.1979) (inquiring into whether "the issues of fact and law raised by the claim and counterclaim are largely the same, whether substantially the same evidence bears on both claims and whether any logical relationship exists between the two claims") (*citing* 6 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, § 1410); *United States v. LaRosa,* 993 F.Supp. 907, 918 (D.Md.1997) (same), *aff'd,* 155 F.3d 562 (4th Cir.1998). Therefore, had this claim been asserted as an original action in which Rule 13 were applicable, and not an appeal, I would be

unlikely to conclude that WCBE's counter-claim is not compulsory.

*Id.* at n. 7.

■ WCBE has moved for reconsideration. It asserts that the distinction I drew between an "original" action and "an appeal" is not supported by the structure and intent of the Federal Rules. Specifically, it relies on the admonishment of Fed.R.Civ.P. 1 that the "rules govern the procedure in the United States district courts in all suits of a civil nature," and argues that Fed.R.Civ.P. 13(a) should be applied, notwithstanding the indisputable fact that the IDEA grants to federal and state trial courts a form of concurrent appellate jurisdiction over the decisions of state administrative agencies. *Accord Board of Educ. of Chicago v. Wolinsky,* 842 F.Supp. 1080, 1083 (N.D.Ill.1993); *cf.* Allan G. Osborne, Jr., *Statutes of Limitations for Filing a Lawsuit Under the Individuals with Disabilities Education Act,* 106 Ed. Law Rep. 959, 962–68 (West 1996) (noting that in states, unlike Maryland, which fail to establish a specific period of limitations for IDEA appeals, federal courts generally borrow the most analogous period of limitations, and that many have chosen the limitations period applicable to state judicial review of administrative proceedings) (collecting cases).

■ I am persuaded that the motion for reconsideration should be denied. WCBE's reliance on the unremarkable proposition that the Federal Rules of Civil Procedure generally govern procedure in all cases filed in federal district courts is scant reason to modify—through tolling—the period established by the Maryland Legislature within which an appeal to federal court from an adverse decision of an ALJ shall be taken. Fed.R.Civ.P. 13(a), governing compulsory counterclaims, "reflects no federal policy" on the issue of tolling. *Cf. Hartford Acc. & Indem. Co. v. Pro–Football, Inc.,* 127 F.3d 1111, 1118 (D.C.Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1522, 140 L.Ed.2d 673 (1998) (holding that even where a counterclaim is included as part of a timely-filed answer under the Federal Rules of Civil Procedure, where state law established limitations period, limitations not tolled as to untimely counterclaim) (citing 6 C. Wright &

A. Miller, Federal Practice and Procedure § 1419 at 109 (1971)). Moreover, Maryland courts do not toll limitations under these circumstances since Maryland has rejected the doctrine of compulsory counterclaims. *Rowland v. Harrison,* 320 Md. 223, 232, 577 A.2d 51 (1990) ("Maryland's counterclaim rule, by its plain terms, is permissive and not mandatory. *See* P. Niemeyer and L. Richards, *Maryland Rules Commentary* (1984) ... at 167....").

Although one federal court has speculated that Fed.R.Civ.P. 13(a) might be read to support equitable tolling under IDEA, it declined to do so. *Wolinsky,* 842 F.Supp. at 1084. Yet another court has observed that equitable tolling should rarely, if ever, apply to *school authorities* as to *their* claims under IDEA. *Andalusia City Bd. of Educ. v. Andress,* 916 F.Supp. 1179, 1184 (M.D.Ala.1996) ("As to the School board, the court notes that equitable tolling is generally only available to parents...."). Whether or not this latter observation is correct, it is plain that Fed.R.Civ.P. 13(a) neither compels tolling of limitations nor, under the circumstances of this case, does it militate in favor of tolling the state-mandated limitations period for appeals from adverse administrative determinations under the IDEA.

Accordingly, for the reasons stated, the Motion for Reconsideration is denied.