Edna DICKERSON, as mother and next friend, and on behalf of, Travis INGRAM, a minor, Plaintiff,

v.

Ronnie BRODGEN, in his official capacity as Superintendent of the Conecuh County Board of Education, and David Cook, Jr., Willene J. Whatley, Jean Harter, Mary Moncrease, and Jimmy Taylor, in their official capacities as members of the Conecuh County Board of Education, Defendants.

No. Civ.A. 990418RVS.

United States District Court,
S.D. Alabama,
Southern Division.

Nov. 24, 1999.

James D. Sears, Sears Law Firm, Mobile, AL, for Plaintiff.

Valerie Kisor Chittom, Gamble, Gamble, Calame & Wilson, Selma, AL, for Defendant.

### MEMORANDUM OPINION

VOLLMER, District Judge.

This matter comes before the court on plaintiff Edna Dickerson's motion for summary judgment as to whether she is entitled to attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1413(i)(3)(B).[1] The court originally referred this motion to Magistrate Judge William H. Steele for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Since then, however, the defendants, Superintendent Brodgen and the members of the Conecuh County Board of Education (collectively, "the School Board"), have raised the defense that this case should be dismissed in its entirety because Dickerson failed to file her complaint within the relevant statute of limitations.[3] Given the dispositive nature of this defense, the referral to the magistrate judge is hereby withdrawn so that the court may resolve whether Dickerson's action for attorneys' fees under the IDEA is time-barred.

### I. BACKGROUND

Dickerson's son is a student in the Conecuh County School District who has a disability within the meaning of the IDEA. On March 17, 1999, an administrative hearing officer found that the School Board had failed to provide Dickerson's

son with a free, appropriate education as required by the IDEA. Forty days later, on April 26, 1999, Dickerson filed this action against the School Board to recover fees she paid her attorney for legal representation in that proceeding.

### II. DISCUSSION

The IDEA gives federal courts the discretion to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). There is no dispute that Dickerson is the "prevailing party" in this case. Rather, the disagreement centers on whether her claim for attorneys' fees is barred by the relevant period of limitations. The IDEA does not set forth a limitations period for attorneys' fees actions. *See Powers v. Indiana Dep't of Educ.*, 61 F.3d 552, 555 (7th Cir.1995). However, the Supreme Court has held that where Congress has failed to provide a statute of limitations for a federal cause of action, courts should "adopt" the "local time limitation" most analogous to the case at hand, unless that limitations period is inconsistent with the policies of the federal statute. *See Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985).

The School Board contends that another federal district court has already determined the relevant limitations period for attorneys' fees actions brought in Alabama under the IDEA. *See Andalusia City Bd. of Educ. v. Andress*, 916 F.Supp. 1179 (M.D.Ala.1996). In *Andress*, the court applied the federal borrowing rules to hold that the thirty-day limitations period set forth in Alabama Administrative Code 290–080–090(10)(4)(c)(12) for an appeal from an administrative hearing was the most analogous state period of limitations for an attorneys' fees action brought under the IDEA.[4] *Id.* at 1183. The *An-*

---

1. *See* "Plaintiff's Motion for Summary Judgment" and supporting brief (Docs.13, 14).

2. *See* July 21, 1999 Order (Doc. 16).

3. *See* "Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment" (Doc. 17).

4. At the time of the *Andress* decision, the IDEA attorneys' fees statute was codified at

*dress* court acknowledged that an action for attorneys' fees is not an appeal from an administrative decision, but it explained that "any action for attorneys' fees is inextricably connected to the administrative proceedings that determine the substance of the child's rights, and suits to recover fees supplement the substantive administrative actions." *Id.* Relying on the thirty-day limitations period adopted by *Andress,* the School Board contends that Dickerson's claim is untimely because she filed her complaint forty days after the administrative hearing officer issued his ruling.

In response, Dickerson argues that the School Board's reliance on *Andress* is misplaced in light of the Eleventh Circuit's subsequent holding in *Zipperer v. School Board of Seminole County,* 111 F.3d 847 (11th Cir.1997). In that case, the Eleventh Circuit rejected a district court's ruling that Florida's thirty-day limitations period for an appeal from an administrative hearing applies to an IDEA action for attorneys' fees in that State. *Id.* at 851. According to the *Zipperer* Court, an award of attorneys' fees under the IDEA is not analogous to an administrative appeal because the district court—rather than the administrative agency—has jurisdiction to award such fees. *Id.* Instead, the Court concluded that attorneys' fees actions under the IDEA are founded on statutory liability and that therefore the Florida statute providing a four-year limitations period for actions "based on a statutory liability" is the most analogous state law. *Id.* (citing Fla.Stat. ch. 95.11(3)(f)).

Although the *Zipperer* Court acknowledged that a short limitations period assures the IDEA's goal of "prompt resolution of disputes over education plans for disabled children," it explained that "the resolution of claims for attorneys' fees is less urgent and, in reality, is more likely to be resolved by the attorneys' interest in prompt payment than by a short period of limitations." *Id.* at 851. The Court thus concluded that the four-year statute of limitations is consistent with the policies of the IDEA because it "encourage[s] the involvement of parents, as represented by attorneys, in securing appropriate public educations for their children." *Id.* at 852.

Dickerson urges this court to follow the Eleventh Circuit's holding in *Zipperer* and apply a longer statute of limitations than that adopted by the district court in *Andress.* According to Dickerson, the Eleventh Circuit's express rejection of a thirty-day period for IDEA attorneys' fees actions in Florida was also an implicit rejection of the thirty-day period adopted by the *Andress* court for IDEA attorneys' fees actions in Alabama, particularly since both time periods were borrowed from each state's respective period of limitations for appeals from administrative hearings.

The School Board counters that *Andress* is controlling because "*Zipperer* simply does not address the statute of limitations to be applied to actions for fees under IDEA in Alabama, a different state with different laws." [5] The School Board insists that this distinction is critical, but it is difficult to see why. The overarching concern expressed in *Zipperer* was that a thirty-day limitations period for attorneys' fees actions under the IDEA would not encourage parental involvement in securing an appropriate public education for children with disabilities. 111 F.3d at 851–52. Thus, the district court's conclusion in *Andress* that a thirty-day limitations period is necessary because attorneys' fees issues "must be resolved quickly," *see id.* at 1183, is in direct conflict with the Eleventh Circuit's subsequent holding that a thirty-day period of limitations is inappropriate because "the resolution of claims for attorneys' fees is less urgent." *Zipperer,* 111 F.3d at 851. Accordingly, this court agrees with Dickerson that *Zipperer* is

20 U.S.C. § 1415(e)(B)(4). In 1997, Congress re-codified that section "in substantially the same form" at 20 U.S.C. § 1415(i)(3)(B). *See G.M. v. New Britain Bd. of Educ.,* 173 F.3d 77, 79 n. 1 (2d Cir.1999).

5. Defs.' Resp. in Opp'n to Pl.'s Mot. for Summ.J. at 12.

controlling in this case and that the section of the *Andress* opinion relating to the limitations period in Alabama for attorneys' fees actions under the IDEA is no longer good law.[6]

The question, then, is which analogous Alabama statute of limitations should be applied? Unlike the Florida statute adopted by the Eleventh Circuit in *Zipperer*, the Code of Alabama does not contain an explicit limitations period for "actions founded on statutory liability." Recognizing this fact, Dickerson has offered two alternatives. The first statute she suggests provides that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala.Code § 6–2–38(*l*) (1975). The second states that "[a]ll actions for the recovery of wages, overtime, damages, fees, or penalties accruing under laws respecting the payment of wages, overtime, damages, fees, and penalties must be brought within two years." Ala.Code § 6–2–38(m) (1975). The School Board, remaining doggedly steadfast in its belief that *Andress* was not implicitly overruled by *Zipperer*,[7] maintains that the thirty-day limitations period set forth in Alabama Administrative Code 290–080–090(10)(4)(c)(12) is the most analogous limitations period.

After reviewing each of these provisions, the court concludes that the two-year period of limitations set forth in Alabama Code § 6–2–38(*l*) should be applied to actions brought in Alabama for attorneys' fees under section 1415(i)(3)(B) of the IDEA.[8] The court borrows section 6–2–38(*l*), which specifically addresses the "rights of another," because it is the most analogous state statute to the case at hand—Dickerson's right under the IDEA to seek reimbursement of attorneys' fees she paid to ensure that her son was provided with a free, appropriate public education. This conclusion is bolstered by the fact that section 6–2–38(*l*) has been applied to several other federal statutes that, like the IDEA, do not contain their own period of limitations. *See, e.g., Lufkin v. McCallum,* 956 F.2d 1104, 1105 (11th Cir.1992) (§ 6–2–38(*l*) applies to claims brought under 42 U.S.C. § 1983);[9] *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir.1989) (borrowing § 6–2–38(*l*) for claim brought under 42 U.S.C. § 1981); *Beasley v. Alabama St. Univ.,* 966 F.Supp. 1117, 1128 (M.D.Ala.1997) (adopting § 6–2–38(*l*) for action brought under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*); *Andress,* 916 F.Supp. at 1185 (applying § 6–2–38(*l*) to action brought under § 504 of the Rehabilitation Act, 29 U.S.C. § 794). Thus, section 6–2–38(*l*) is the most analogous Alabama statute for an action to recover attorneys' fees under the IDEA.

The court also finds that the adoption of a two-year period of limitations would further the policies of the IDEA. First, although a shorter period of limitations may

---

6. Only part B.1. of the *Andress* decision involves the thirty-day limitations period for attorneys' fees actions brought in Alabama under the IDEA. *Zipperer* did not address any issues raised in the other sections of the *Andress* opinion, whereby the court held that the thirty-day statute of limitations set forth in Alabama Administrative Code 290–080–090(10)(4)(c)(12) applies to a substantive appeal of an administrative hearing officer's decision under the IDEA, *see* 916 F.Supp. at 1182, and that the two-year statute of limitations set forth in Alabama Code § 6–2–38(*l*) applies to claims brought under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, as well as to claims brought under 42 U.S.C. § 1983, *see* 916 F.Supp. at 1184–85.

7. The School Board's argument that *Andress* remains good law simply because a Westlaw search did not reveal any negative history is so completely without merit that it does not warrant discussion.

8. The court has also examined the numerous other limitations statutes set forth in the Alabama Code. After doing so, the court remains of the opinion that section 6–2–38(*l*) is the most analogous state statute of limitations.

9. *See also Owens v. Okure,* 488 U.S. 235, 246 n. 9, 109 S.Ct. 573, 580 n. 9, 102 L.Ed.2d 594 (1989) (using § 6–2–38(*l*) as example of limitations statute to be applied to § 1983 claims).

encourage a prompt resolution of a dispute concerning a disabled child's education plan, *see Andress,* 916 F.Supp. at 1182, the Eleventh Circuit has explained that speed is simply not an essential element in an action to recover attorneys' fees relating to such a dispute. *See Zipperer,* 111 F.3d at 851. Indeed, were the court to borrow a shorter limitations period, it "would only serve to discourage parents from advocating for the rights of their children." *B.K v. Toms River Bd. of Educ.,* 998 F.Supp. 462, 473 (D.N.J.1998) (generally applying *Zipperer* in holding that a claim for attorneys' fees filed in New Jersey within two years of IDEA administrative decision was not time-barred). Second, while the limitations period in section 6–2–38(*l*) is not as long as the Florida statute of limitations adopted by the Eleventh Circuit in *Zipperer,* it nonetheless provides a sufficient amount of time for plaintiffs such as Dickerson to bring an action seeking reimbursement of attorneys' fees under the IDEA. The two-year period of limitations provided by section 6–2–38(*l*) is therefore "likely to encourage the involvement of parents, as represented by attorneys, in securing appropriate public educations for their children." *Zipperer,* 111 F.3d at 852. As such, section 6–2–38(*l*) is consistent with the policies of the IDEA concerning the recovery of attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, the court concludes that the most analogous Alabama statute for an attorneys' fees claim under section 1415(i)(3)(B) of the IDEA is the two-year limitations period set forth in Alabama Code § 6–2–38(*l*). Because Dickerson filed this action within that time period, her claim for attorneys' fees is not time-barred. Accordingly, Dickerson's motion for summary judgment is hereby **REFERRED** back to Magistrate Judge Steele for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).