United States Court of Appeals,

Eleventh Circuit.

Nos. 95-2968, 95-3091.

Scott ZIPPERER, a minor, By and Through his mother and next friend Elizabeth ZIPPERER;  Elizabeth Zipperer, individually, Plaintiffs-Appellants,

v.

The SCHOOL BOARD of SEMINOLE COUNTY, FLORIDA, Defendant-Appellee.

Scott ZIPPERER, a minor, By and Through his mother and next friend Elizabeth ZIPPERER;  Elizabeth Zipperer, individually, Plaintiffs-Appellees,

v.

The SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA, Defendant-Appellant.

May 6, 1997.

Appeals from the United States District Court for the Middle District of Florida. (No. 94-842-CIV-ORL-18), G. Kendall Sharp, Judge.

Before BIRCH and CARNES, Circuit Judges, and MICHAEL[*], Senior District Judge.

BIRCH, Circuit Judge:

A disabled child and his mother, as prevailing parties in a state administrative hearing, brought this action for an award of attorneys' fees pursuant to 20 U.S.C. § 1415(e)(4)(B), a provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-85.  The district court granted summary judgment in favor of the defendant school system.  The child and his mother appeal that order, and the school system cross-appeals the district court order granting a motion by the child and his mother for an

---

[*]Honorable James H. Michael, Senior U.S. District Judge for the Western District of Virginia, sitting by designation.

extension of time to file the notice of appeal. We address two issues in these consolidated appeals: (1) whether reliance on the normal course of the delivery of mail can establish excusable neglect for an untimely filing of a notice of appeal and (2) what constitutes the applicable statute of limitations in a suit filed under section 1415(e)(4)(B). We AFFIRM in part, and VACATE and REMAND in part.

## I. BACKGROUND

Elizabeth Zipperer and her minor son Scott initiated an administrative due process hearing under the IDEA to establish that Scott was disabled and thus entitled to special education services. Following the hearing, the hearing officer determined that the School Board of Seminole County ("the school system") had failed to provide Scott with a free, appropriate public education as required under the IDEA. There is no dispute that the Zipperers were the prevailing party at the administrative hearing.

The Zipperers, as the prevailing party, requested attorneys' fees at the administrative hearing. The hearing officer, however, concluded that he lacked jurisdiction to award attorneys' fees. Three years and ten months later, the Zipperers filed an action in federal district court to recover attorneys' fees pursuant to 20 U.S.C. § 1415(e)(4)(B). Because the IDEA is silent regarding the time period for filing an action, the district court borrowed the Florida thirty-day statute of limitations applicable to appeals of administrative decisions, Fla. Stat. ch. 120.68(2) and Fla. R.App. P. 9.110(b), and found the Zipperers' action to be time barred. The district court, accordingly, granted summary judgment in favor

of the school system on June 27, 1995.

The Zipperers sought to appeal the summary judgment and mailed a notice of appeal on July 21, 1995 from Rockledge, Florida via first class mail to the district court in Orlando, Florida. The notice of appeal was filed with the district court on July 28, 1995, thirty-one days after the entry of summary judgment. When this court questioned the timeliness of the notice of appeal, the Zipperers filed a motion with the district court for an extension of time pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The Zipperers alleged that the seven-day delay in the delivery of the notice of appeal was unexpected in view of the normal three-day course of delivery. The district court found excusable neglect for the Zipperers' failure to file a timely notice of appeal and granted the motion for an extension of time. The Zipperers appeal the summary judgment, and the school system appeals the order granting the motion for an extension of time to file the notice of appeal.

## II. DISCUSSION

We address two issues in these consolidated appeals. First, we consider whether the district court properly granted the Zipperers an extension of time for filing their notice of appeal. Second, we consider whether the Zipperers' claim for attorneys' fees was barred by a thirty-day statute of limitations.

A. Extension of Time for Filing Notice of Appeal

As a threshold issue, we examine the jurisdictional question raised by the school system's appeal of the order granting the Zipperers' motion for an extension of time for filing a notice of

appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (holding that a timely notice of appeal is "mandatory and jurisdictional"). If a party fails to file a timely notice of appeal, the appellate court is without jurisdiction to hear the appeal. *Pinion v. Dow Chem., U.S.A.,* 928 F.2d 1522, 1525 (11th Cir.1991). Federal Rule of Appellate Procedure 4(a)(5), however, provides that the district court can extend the time for filing the notice upon a showing of excusable neglect. We review a determination of excusable neglect for abuse of discretion. *See Advanced Estimating Sys., Inc. v. Riney,* 77 F.3d 1322, 1325 (11th Cir.1996).

The Supreme Court has held that "excusable neglect" as used in Bankruptcy Rule 9006(b)(1) should be determined using a flexible analysis. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). Under *Pioneer,* a court analyzing a claim of excusable neglect should consider "all relevant circumstances surrounding the party's omission .... includ[ing] ... the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395, 113 S.Ct. at 1498 (footnote omitted). We have previously held that the same flexible analysis of excusable neglect applies to a ruling under Rule 4(a)(5). *Advanced Estimating,* 77 F.3d at 1324.

In this case, the Zipperers filed the notice of appeal one day late. They mailed the notice six days before the required date

of filing.  *See* Fed. R.App. P. 4(a)(1) (requiring that the notice of appeal be filed within thirty days of the date of entry of a judgment or order).  The date they mailed the notice was several days before the three days required for normal mail delivery between the point of mailing and the district court.  The school system argues that the district court erred in finding that the Zipperers' reliance on the normal delivery of mail constituted excusable neglect.  We disagree and find no abuse of discretion in the district court's determination of excusable neglect.  Therefore, we have jurisdiction to consider the Zipperers' appeal.

B. Statute of Limitations Applicable to 20 U.S.C. § 1415(e)(4)(B)

The additional issue before this court is whether the district court erred in applying a thirty-day statute of limitations to bar the Zipperers' suit for attorneys' fees under 20 U.S.C. § 1415(e)(4)(B).  The IDEA provides no statutes of limitations for either substantive appeals under section 1415(e)(2) or actions for attorneys' fees under section 1415(e)(4)(B).  *Powers v. Indiana Dep't of Educ.,* 61 F.3d 552, 555 (7th Cir.1995);  *see JSK By and Through JK v. Hendry County Sch. Bd.,* 941 F.2d 1563, 1570 n. 1 (11th Cir.1991) ("*JSK* ") (acknowledging that there is no statute of limitations provided for civil actions under section 1415(e)(2)).  "The Supreme Court has held that "when Congress has failed to provide a statute of limitations for a federal cause of action, a court "borrows" or "absorbs" the local time limitation most analogous to the case at hand.' "  *Id.* (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 355, 111 S.Ct. 2773, 2778, 115 L.Ed.2d 321 (1991) (citations omitted)).

When the state limitations period applicable to the most analogous state law is inconsistent with the policies of the federal statute, however, the state limitations period is rejected. *Friedlander v. Troutman, Sanders, Lockerman & Ashmore,* 788 F.2d 1500, 1502 (11th Cir.1986). Applying these "borrowing" rules, the district court in this case applied Florida's thirty-day limitations period for appeals from administrative hearings, *see* Fla. Stat. ch. 120.68(2); Fla. R.App. P. 9.110(b), and rejected the four-year period provided for "actions founded on statutory liability," Fla. Stat. ch. 95.11(3)(f).

The issue of which statute of limitations is most analogous and should be applied to an action for attorneys' fees under the IDEA is one of first impression for this court.[1] Several other circuits have reached the issue of the applicable statute of limitations for substantive appeals under the IDEA. *See, e.g., Amann v. Town of Stow,* 991 F.2d 929 (1st Cir.1993) (applying a thirty-day period for appeals of administrative decisions); *Spiegler v. District of Columbia,* 866 F.2d 461 (D.C.Cir.1989) (same); *Adler v. Education Dept.,* 760 F.2d 454 (2d Cir.1985) (applying a 120-day statutory limitations period for review of administrative decisions regarding children with disabilities);

---

[1] In *JSK,* we stated in dicta that, in the context of a substantive appeal under section 1415(e)(2), we likely would adopt the thirty-day statute of limitations for an appeal of administrative proceedings. 941 F.2d at 1570 n. 1. Because this court has not ruled on the applicable statute of limitations for a suit brought under section 1415(e)(2), we need not address whether the limitations period should be the same for suits brought under section 1415(e)(2) and section 1415(e)(4)(B). Accordingly, nothing in this case should be viewed as a ruling on the applicable statute of limitations for a substantive appeal of an administrative hearing under 1415(e)(2).

*Department of Educ. v. Carl D.,* 695 F.2d 1154 (9th Cir.1983) (applying a thirty-day period for appeals of administrative decisions). Only the Seventh Circuit, however, has ruled on the applicable statute of limitations for suits brought for attorneys' fees under the IDEA. *See Powers,* 61 F.3d 552 (applying Indiana's thirty-day period of limitations for review of an administrative decision to a claim for attorneys' fees); *Reed v. Mokena Sch. Dist. No. 159,* 41 F.3d 1153 (7th Cir.1994) (applying a 120-day limitations period for review of an administrative decision under the Illinois School Code in a case solely for attorneys' fees); *Dell v. Board of Educ.,* 32 F.3d 1053 (7th Cir.1994) (applying the same Illinois statute in a case involving both educational expenses and attorneys' fees).

The Seventh Circuit has reasoned that a claim for attorneys' fees under the IDEA should be viewed as ancillary to an administrative proceeding rather than an independent cause of action. *See Powers,* 61 F.3d at 556. Accordingly, the Seventh Circuit held in *Dell* that the most analogous state statute for both substantive appeals and actions for attorneys' fees was the relatively short limitations period for review of an administrative appeal. *Dell,* 32 F.3d at 1064. In *Powers* and *Reed,* the court similarly applied a short limitations period in suits brought solely for attorneys' fees after the request for an administrative hearing was withdrawn. *Powers,* 61 F.3d at 557; *Reed,* 41 F.3d at 1154. Although the Seventh Circuit has held that claims brought under section 1415(e)(2) and 1415(e)(4)(B) are sufficiently similar to justify borrowing the same state statute of limitations for

either claim, the court has acknowledged concerns for the brevity of a thirty-day statute of limitations in IDEA cases. *See Powers,* 61 F.3d at 559.

Although the district court in this case followed the reasoning of the Seventh Circuit, a number of district courts have rejected that reasoning and borrowed longer state statutes of limitations. *See J.B. By and Through C.B. v. Essex-Caledonia Supervisory Union,* 943 F.Supp. 387, 391-92 (D.Vt.1996) ("*J.B.*") (applying the six-year catchall statute of limitations); *Curtis K. v. Sioux City Community Sch. Dist.,* 895 F.Supp. 1197, 1220 (N.D.Iowa 1995) (borrowing the five-year limitations period for "actions for which no other statute of limitations is specified"); *James v. Nashua Sch. Dist.,* 720 F.Supp. 1053, 1058 (D.N.H.1989) (applying the three-year catchall statute of limitations for "personal actions"); *Robert D. v. Sobel,* 688 F.Supp. 861, 864 (S.D.N.Y.1988) (borrowing the three-year statute of limitations for actions to recover upon a liability imposed by statute). These courts generally have distinguished claims under section 1415(e)(2) and section 1415(e)(4)(B) and reasoned that the short statutes of limitations associated with appeals of administrative procedures, while appropriate when a child's Individualized Education Plan is at issue in a substantive appeal of an administrative determination, are too short to vindicate the underlying federal policies associated with the fee-claims provisions of the IDEA. *See, e.g., J.B.* at 391 ("Congressional policy favors the protection of the educational rights of the [disabled]. A short statute of limitations in attorneys' fee claims would frustrate that

policy.").

We agree that the IDEA provides two distinguishable causes of action under sections 1415(e)(2) and 1415(e)(4)(B).[2] Most significantly, section 1415(e)(2) provides for the appeal of a substantive administrative decision, whereas section 1415(e)(4) provides for an independent claim for attorneys' fees. Because the district court, rather than the administrative agency, has jurisdiction to award fees, the prevailing party cannot appeal an administrative decision under section 1415(e)(4). Accordingly, we reject the school systems' argument that a claim under section 1415(e)(4)(B) is analogous to the appeal of an administrative hearing. Instead, we find that section 1415(e)(4) provides a claim based on a statutory liability and is, thus, more analogous to Fla. Stat. ch. 95.11(3)(f).

We next address whether adoption of a four-year statute of limitations is inconsistent with the policies of the IDEA. We acknowledge that a short period of limitations for claims brought pursuant to section 1415(e)(2) "assure[s] prompt resolution of disputes over education plans for [disabled] children." *Carl D.,* 695 F.2d at 1157, *quoted in JSK,* 941 F.2d at 1570 n. 1. Nonetheless, the resolution of claims for attorneys' fees is less urgent and, in reality, is more likely to be resolved by the attorneys' interest in prompt payment than by a short period of

---

[2]Section 1415(e)(4) provides that a federal district court can award attorneys' fees to the "parents or guardian of a child with a disability who is a prevailing party." Section 1415(e)(2) provides that "any party aggrieved" by a decision of an administrative hearing can bring an action in either a state court or federal district court. Both the party who can appeal and the available forums are different under the two actions.

limitations. A four-year period of limitations, like the award of attorneys' fees to parents who are prevailing parties, is likely to encourage the involvement of parents, as represented by attorneys, in securing an appropriate public education. We conclude that the application of a four-year statute of limitations to claims for attorneys' fees under the IDEA is consistent with the policies of the federal statute. Thus, we determine that Fla. Stat. ch. 95.11(3)(f) is the most analogous Florida law in a case brought under section 1415(e)(4)(B) of the IDEA. The district court in this case erred in failing to apply the most analogous state statute.

## III. CONCLUSION

In this consolidated appeal involving the award of attorneys' fees under the Individuals with Disabilities Education Act, Scott Zipperer and his mother appeal the summary judgment entered in favor of the School Board of Seminole County; the School Board appeals the district court's order granting the Zipperers' motion for an extension of time to file a notice of appeal. We determine that the district court was within its discretion in finding excusable neglect in the Zipperers' untimely notice of appeal because the Zipperers' mailed the notice in cautious reliance on the normal delivery of mail and filed the notice only one day late. We therefore have jurisdiction over this appeal. The district court, however, failed to borrow the limitations period from the most analogous state statute and erred in finding the Zipperers' claim to be time barred. We determine that claims for attorneys' fees under the IDEA are distinguishable from appeals of substantive administrative decisions and that the most analogous Florida

statute for a claim for attorneys' fees under the IDEA is a four-year statute of limitations for claims based on statutory liability.  Accordingly, we AFFIRM the district court's order granting an extension of time for filing the notice of appeal, VACATE the court's summary judgment order, and REMAND for proceedings consistent with this opinion.