Bobby HOLMES, by Vera HITCHENS, his mother, Plaintiff,

v.

DEPARTMENT OF EDUCATION, State of Hawaii, Defendant.

No. CIV. 02–00568SPKKSC.

United States District Court, D. Hawai'i.

Dec. 6, 2002.

Matthew C. Basset, Hawaii Disability Rights Center, Honolulu, HI, for Plaintiff.

Aaron H. Schulaner, Office of Atty. General, Honolulu, HI, for Defendant.

## *ORDER DENYING DEFENDANT'S MOTION TO DISMISS*

SAMUEL P. KING, District Judge.

### OVERVIEW

This motion presents an issue of first impression not yet specifically decided by the Ninth Circuit Court of Appeals. The question is whether to apply a 30–day or 2–year statute of limitations in an Individuals with Disabilities Education Act ("IDEA") case where the plaintiff is not seeking a substantive review of the administrative proceedings, but rather, is only seeking attorneys fees and costs for prevailing at the administrative level.

If the period is 30–days, then Plaintiff is late and the motion to dismiss should be granted. If the period is 2–years, then Plaintiff is timely (he filed this federal suit about a year after the administrative decision). Circuits are split and there does not appear to be a Ninth Circuit opinion directly on point.

The Eleventh Circuit has held that a state's general damages statute of limitations applies to independent IDEA actions seeking only fees (which would mean that the 2–year period in Haw.Rev.Stat. § 657–7 would apply). *See Zipperer v. School Bd. of Seminole County,* 111 F.3d 847, 851 (11th Cir.1997). On the other hand, the Sixth and Seventh have applied the period used to apply for judicial review of administrative decisions (which would be 30–days in Hawaii). *See King v. Floyd County Bd. of Ed.,* 228 F.3d 622, 626–27 (6th Cir.2000); *Powers v. Indiana Dep't of Ed.,* 61 F.3d 552, 556 (7th Cir.1995). The Court has reviewed the reasoning from all the decisions and finds that the Eleventh Circuit's position is proper. Therefore, the Defendant's motion to dismiss is DENIED.

### BACKGROUND and DISCUSSION

Plaintiff Bobby Holmes, by his mother and next friend, Vera Hitchens ("Plaintiff"), seeks attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for prevailing at an administrative hearing. Of note, Plaintiff is not seeking administrative review of the hearing officer's decision (and the Defendant State of Hawaii Department of Education did not seek review with this court). Rather, Plaintiff's action is solely for attorney's fees and costs for prevailing at the administrative level. Section 1415(i)(3)(B) [1] allows for this type of independent action for fees. *See Zipperer,* 111 F.3d at 851 ("We agree that the IDEA provides two distinguishable causes of action under sections 1415(e)(2) [now

---

1. Section 1415(i)(3)(B) provides:
   Award of attorneys' fees
   In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.
   20 U.S.C. § 1415(i)(3)(B).

1415(i)(2) ] and 1415(e)(4)(B) [now 1415(i)(3)(B) ]"); *King,* 228 F.3d at 625.

Here, the State Department of Education moves to dismiss, contending that Plaintiff's complaint is barred by the statute of limitations because it was not filed until a year after the hearings officer entered its decision. The State cannot reasonably dispute (at least on the current record) that Plaintiff did in fact "prevail" at the administrative level because the hearings officer found in Plaintiff's favor and required a neurological exam and behavior assessment and ordered a new IEP team to reconvene and find a new placement. (The DOE did not "appeal" as a party "aggrieved" by that decision.) Plaintiff did not seek attorneys fees at the administrative level and the parties appear to agree that it is generally not appropriate for an administrative hearings officer to award attorneys fees, i.e., only by statute is the plaintiff entitled to fees.

■ Thus, the only present dispute is whether this fees action is timely. The IDEA does not have a statute of limitations. In such situations, the Court's role is to apply the limitations period for the most analogous state cause of action, provided it is not inconsistent with underlying federal policies. *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). As mentioned, there is a circuit split as to which is the proper statute of limitations to apply.

■ The Court finds the Eleventh Circuit's reasoning persuasive. A fees action is "independent" of the substantive merits of the administrative action. The IDEA provides a separate cause of action for fees under 20 U.S.C. § 1415(i)(3)(B) if the

plaintiff has "prevailed" at the administrative level. *King,* 228 F.3d at 625 (citing *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980)). This action is not "ancillary" but "independent." Moreover, a longer period for fees is not inconsistent with the policy of quick action where a child's education is involved. For example, a review of an educational placement should be reviewed quickly; but there is no similar hurry for a proceeding solely seeking fees after decisions regarding education have been resolved. *Zipperer,* 111 F.3d at 851. Many district courts have adopted the Eleventh Circuit's position in *Zipperer. See, e.g., Ostby v. Oxnard Union High,* 209 F.Supp.2d 1035 (C.D.Cal.2002); *Akinseye v. District of Columbia,* 193 F.Supp.2d 134, 142 (D.D.C.2002) (citing cases), and this Court will do the same.

In support of its argument, the State cites *Department of Ed. v. Carl D.,* 695 F.2d 1154 (9th Cir.1983), where the Ninth Circuit applied a 30–day statute of limitations because the nature of the proceedings was an administrative appeal. *Carl D.,* however, is distinguishable because the State had sought substantive review of an award of costs at the administrative level. *See id.* at 1155. It was not an action solely for fees for prevailing at the administrative level. *Cf. Dreher v. Amphitheater Unified Sch. Dist.,* 22 F.3d 228, 232 (9th Cir.1994) (applying Arizona's one-year statute of limitations for "liabilities created by statute" in IDEA case that was not analogous to an appeal of a final administrative decision because the plaintiffs were challenging right to a due process hearing, not substance of hearing itself).[2]

---

2. If the federal action seeks substantive review (under 20 U.S.C. § 1415(i)(2)(A)) of the findings of the administrative officer, then it must be "appealed" within 30 days. But, if—as here—the federal action seeks only fees

and costs (under 20 U.S.C. § 1415(i)(3)(B)) for prevailing at the administrative level, then plaintiff has up to 2 years to seek the fees. Again, there are two distinct "causes of ac-

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

tion" under the IDEA. *Zipperer,* 111 F.3d at     851.