**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

**No. 05-12094**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20237-CV-ASG

MAUREEN O'BRIEN,

Plaintiff-Appellant,

versus

ABB DE INC.,
a foreign corporation licensed to do business in Florida,
f.k.a. ASEA Brown Boveri, Inc.,
f.k.a. ABB Power T&D Power Enterprises, Inc.,
a.k.a. T&D Enterprises, Inc.,
a.k.a. ABB T&D Enterprises, Ltd.,

Defendant-Appellee.

_____

**Appeal from the United States District Court
for the Southern District of Florida**

_____

**(December 16, 2005)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

**PER CURIAM:**

Maureen O'Brien appeals the district court's entry of summary judgment on her claims for open account, account stated, and quantum meruit and the court's order awarding prevailing-party fees and costs, pursuant to a provision in the parties' written contract, to ABB DE, Inc. ("ABB"). On appeal, O'Brien asserts (1) the district court prematurely granted ABB's motion for summary judgment prior to the start of discovery, and (2) the district court erred by entering summary judgment on her claims based on the existence of a written contract. In her brief, she also requests this Court "to stay execution" of the district court's award of fees and costs, pending our decision on her challenge to the summary judgment. After careful review, we dismiss the appeal as to the summary judgment, based on our lack of jurisdiction, and we affirm the order awarding fees and costs.

It is well-settled that absent the filing of a timely notice of appeal ("NOA"), we lack jurisdiction over an appeal. Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1272 (11th Cir. 2001); Bogle v. Orange County Bd. of County Com'rs, 162 F.3d 653, 660 (11th Cir. 1998); Zipperer ex rel. Zipperer v. Sch. Bd. of Seminole County, 111 F.3d 847, 849 (11th Cir. 1997). Thus, as a federal court of limited jurisdiction, we must determine sua sponte whether we have jurisdiction. Wooden, 247 F.3d at 1271; see also Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004)

("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." (quotation omitted)).

The procedural history relevant to our jurisdictional analysis is straightforward. O'Brien filed this action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, and ABB removed the case to federal court. Pursuant to ABB's motion, the district court entered summary judgment on June 14, 2004. On that same date, in a different order, the court entered final judgment and closed the case. It is undisputed that: (1) at that point, pursuant Fed. R. App. P. 4(a)(1)(A), O'Brien had 30 days, or until July 14, 2004, in which to file her NOA, see Fed. R. App. P. 4(a)(1)(A) (providing that NOA in a civil case where the United States is not a party must be filed within 30 days after the judgment or order appealed from is entered); and (2) O'Brien did not file her NOA, or move for an extension of time to do so, during that 30-day period.

Thereafter, on July 14, 2004, ABB filed a verified motion for attorneys' fees and costs, seeking $41,256.00 in fees and $1,970.56 in costs, pursuant to the parties' written contract which provided for an award of "prevailing party" fees. On July 26, 2004, which was 41 days after the entry of summary judgment, O'Brien filed a memorandum in opposition to ABB's fees and costs request. In this memorandum, O'Brien, inter alia, (1) challenged the district court's entry of summary judgment as

3

premature; (2) asserted that the written contract upon which the district court relied in entering summary judgment allowed for her equitable claims to proceed; (3) stated that counsel had not appealed the summary judgment for tactical, albeit erroneous, reasons; and (4) summarily mentioned that if the court considered the issues of fees, it should also "extend the time for review of the entire case, de novo, on equitable grounds because the 'ends of justice' so require."[1]

On February 24, 2005, the magistrate judge to whom the motion for fees and costs was assigned issued a Report and Recommendation ("R&R"), recommending that ABB's motion be granted in part. The magistrate judge recommended awarding $24,477.00 in fees and $1,970.56 in costs. In her order, the magistrate judge observed that counsel's reasons for not appealing from the summary judgment were not relevant to the issue of ABB's entitlement to fees and costs. In a footnote, the magistrate judge stated: "Plaintiff argues that if the Defendant is awarded attorney's fees, the Court should extend Plaintiff's time to file a notice of appeal. This issue is not presently ripe and will not be considered here. Plaintiff may make an appropriate

---

[1] For this proposition O'Brien cited CNA Fin. Corp. v. Brown, 162 F.3d 1334 (11th Cir. 1998), which we find inapposite. That case involved whether, following a court-annexed arbitration award, a litigant could request a trial de novo outside of the 30-day period for filing such a request, where allowing the litigant to do so would "further the ends of justice." Id. Because, unlike the time limit for filing a NOA, the limitations period in CNA Fin. was not jurisdictional, we affirmed the district court's allowance of the late-filed motion.

motion if attorney's fees are awarded." (Emphasis added). It is undisputed that, prior to filing her NOA, O'Brien did not file anything further in the district court.

On March 15, 2005, the district court adopted the R&R, thereby granting ABB's motion for fees and costs in part. Thereafter, on April 11, 2005, O'Brien filed her NOA, enumerating that she was appealing "the judgment of the United States District Court Southern District of Florida entered on March 15, 2005 in the above-captioned case."

O'Brien now attempts to challenge the June 14, 2004 summary judgment on numerous grounds. We conclude that we lack jurisdiction to consider her arguments. "The timely filing of a notice of appeal is 'mandatory and jurisdictional.' If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 103 S. Ct. 400, 403, 74 L. Ed. 2d 225 (1982)). While it is true, as O'Brien urges, that a district court may extend the time for filing the NOA, from our careful review of the record, it is clear that O'Brien never moved for, and the district court never granted her, such an extension. See Fed. R. App. P. 4(a)(5) (enumerating requirements for motion for extension of time). Accordingly, her April 11, 2005 NOA was untimely to appeal

from the June 14, 2004 order of summary judgment and we dismiss that portion of her appeal.[2]

As for O'Brien's remaining claim, we affirm the award of fees and costs because O'Brien's argument on this point consists solely of requesting us "to stay execution" of the award of fees and costs, pending our disposition of the appeal as to the summary judgment. Given our dismissal of the appeal from the summary judgment, that argument is moot. Accordingly, we affirm the award of fees and costs.

**DISMISSED IN PART AND AFFIRMED IN PART.**

---

[2]In addition to being untimely, O'Brien's NOA is facially insufficient to challenge the order of summary judgment, which is not designated as the "order appealed from." Federal Rule of Appellate Procedure 3 governs the required contents of a notice of appeal and provides, inter alia, that the notice "designate the judgment, order, or part thereof appealed from. . . ." Fed. R. App. P. 3(c). Here, O'Brien's NOA states she is appealing "the judgment of the United States District Court Southern District of Florida entered on March 15, 2005 in the above-captioned case." Even after liberally construing her NOA, we are unable to extrapolate an intent to appeal from the summary judgment. In fact, our review of O'Brien's memorandum in opposition to ABB's motion for fees and costs makes clear that, at that point in the district court proceedings, O'Brien, at a minimum, suspected that she could not appeal the summary judgment due to the time bar we discussed above. We make this inference from that portion of the opposition memorandum in which her attorney states that he made a tactical, albeit erroneous, decision not to appeal the summary judgment order previously entered. Thus, in addition to being untimely, O'Brien's NOA is facially insufficient to challenge the summary judgment.