[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12455

Non-Argument Calendar

_____

IRINA CHEVALDINA,

Plaintiff-Appellant,

*versus*

RAANAN KATZ,

DANIEL KATZ,

TODD LEVINE,

R.K. FL MANAGEMENT, INC.,

R.K. ASSOCIATES, VII, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-21363-CMA

_____

Before, NEWSOM, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Irina Chevaldina appeals the *sua sponte* dismissal without prejudice of her *pro se* amended complaint for failure to comply with a court order requiring, among other things, that Chevaldina file her amended complaint by a specified deadline and provide a particularized basis for her domicile to establish diversity jurisdiction.  Chevaldina also appeals the district court's order dismissing, on absolute immunity grounds, her claims that an injunction issued by Judge Kathleen Williams violated her First Amendment rights.  Chevaldina argues that the district court lacked authority to require particularized documentation for her domicile and that the amended complaint was timely because she postmarked it before the deadline, but it arrived late due to mailing delays outside of her control.  She also argues that the district court lacked authority to dismiss her complaint against Judge Williams because the defendants had not yet been served, and she was not proceeding *in forma pauperis*.  She claims that the district court effectively issued a summary judgment decision without giving her notice and an opportunity to respond.  After reviewing the record

21-12455              Opinion of the Court                 3

and reading Chevaldina's brief, we affirm the district court's order of dismissal.[1]

## I.

We review for abuse of discretion a district court's decision to dismiss a case for failure to comply with a court order. *Foudy v. Indian River Cty. Sheriff's* Office, 845 F.3d 1117, 1122 (11th Cir. 2017). "Whether an official is entitled to absolute immunity is a question of law that we review *de novo.*" *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017).

While we liberally construe the pleadings of *pro se* litigants, we still require conformity with procedural rules. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (quotation marks omitted). Liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (quotation marks omitted).

## II.

Under the Federal Rules of Civil Procedure, a paper not filed electronically is filed by delivery to the clerk or a judge. Fed. R. Civ. P. 5(d)(2). We have held that district courts have the discretion to accept a notice of appeal filed after the deadline if the party has shown that the delay in filing resulted from "excusable neglect." *Zipperer by and Through Zipperer v. Sch. Bd. of Seminole*

---

[1] The Appellees did not file appellate briefs.

*Cty., Fla.*, 111 F.3d 847, 849 (11th Cir. 1997). Whether a party has shown excusable neglect is a "flexible analysis" based on the totality of the circumstances, including "the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 849-50 (quotation marks and brackets omitted). We have upheld a district court's ruling that an appellant established excusable neglect for filing a late notice of appeal where they mailed the notice six days before the required date of filing, several days before the three days required for normal mail delivery, and where the notice arrived only a day late. *Id.* at 850.

A court generally may not *sua sponte* dismiss an action without providing the plaintiff with notice of its intent to dismiss or an opportunity to respond. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). Courts may, however, dismiss a complaint that is patently frivolous or if reversal would be futile. *Id.*

Federal courts must inquire into their own subject-matter jurisdiction *sua sponte* whenever it may be lacking. *Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1316 (11th Cir. 2021). Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12 (b)(1) may be "facial attacks" or "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (1990). When a complaint is attacked facially, the court merely asks whether the plaintiff sufficiently alleged a basis for

21-12455                 Opinion of the Court                         5

subject-matter jurisdiction on the face of the complaint itself, taking all allegations in the complaint as true. *Id.* at 1529. When a complaint is attacked factually, however, "matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quotation marks omitted). We need not reach jurisdictional issues where we could affirm the district court's decision on procedural grounds. *See In re Engle Cases*, 767 F.3d 1082, 1108 n.30 (11th Cir. 2014).

Federal judges have absolute immunity from liability for damages stemming from judicial acts. *Stevens*, 877 F.3d at 1301. This immunity even applies to conduct that "was in error, was done maliciously, or was in excess of his authority." *Id.* (quotation marks omitted). An act is "judicial" for purposes of immunity when it is typically performed by judges and the complaining party interacted with the judge in his judicial capacity. *Id.* at 1304. Whether an act is typically performed by judges is based on the nature and function of the act, not the factual circumstances of the particular action at issue. *Id.* at 1305.

## III.

The record demonstrates that the district court was within its discretion to dismiss without prejudice Chevaldina's amended complaint because she failed to comply with the court-ordered deadline to file it and failed to provide the court-ordered proof of her domicile necessary to establish diversity jurisdiction. The district court's April 2021 order required Chevaldina to file an amended complaint by May 6, 2021, containing specific

information such as the basis for her alleged domicile in Indiana, an explanation why her case was not barred by *res judicata* and whether she intended to pursue a Driver's Privacy Protection claim. The district court's June 2021 order extended the deadline for Chevaldina to file her amended complaint to June 18 and further ordered her to submit a clear copy of her Indiana's driver's license. Chevaldina's amended complaint was filed three days after the deadline set by the district court in its June order. Although Chevaldina presented documentation that she made reasonable efforts to deliver the amended complaint on time, given that she had already missed a previous filing deadline, the district court did not abuse its discretion in dismissing it. Because the district court dismissed it without prejudice, Chevaldina is free to re-file her complaint in compliance with any future court orders.

The record also demonstrates that the district court did not abuse its discretion in determining that Chevaldina's amended complaint failed to comply with the court order in other respects. Although Chevaldina explained why *res judicata* did not bar her claims, why the state court did not retain jurisdiction to enforce the settlement agreement at the center of her case and clarified that she was not pursuing a claim under the Driver's Privacy Protection Act, she did not provide a clear copy of her Indiana driver's license or other documentation supporting her basis for residency in Indiana. This information was pertinent for the district court to determine its jurisdiction.

Moreover, the district court properly *sua sponte* dismissed the claims against Judge Williams because the judge was entitled to absolute immunity from being sued for judicial acts like issuing an injunction. In doing so, contrary to Chevaldina's assertions, the district court properly considered only the facts that were present on the face of Chevaldina's complaint.

Accordingly, for the aforementioned reasons, we conclude that the district court did not abuse its discretion in dismissing Chevaldina's amended complaint and *sua sponte* dismissing the claims against Judge Williams.

**AFFIRMED.**